Present:  All the Justices

RAM SINGH, M.D., ET AL.

v.  Record No. 000636    OPINION BY JUSTICE ELIZABETH B. LACY
                                    January 12, 2001
NATHANIEL MOONEY

FROM THE CIRCUIT COURT OF WISE COUNTY
J. Robert Stump, Judge

In this case, we determine whether an order entered in violation of Rule 1:13 is void ab initio or merely voidable.

Nathanial Mooney filed a medical malpractice action against Ram Singh, M.D., Sanyogta Singh (collectively "Singh"), Volunteer Healthcare Systems, Inc. d/b/a Dickenson County Medical Center, and Sabry Radawi, M.D.,[1] in March of 1995.  By order entered October 2, 1998, Mooney was directed to make his expert witness available for deposition by October 20, 1998.  The October 2 order also stated that if Mooney did not comply with the order, his action would be "subject to dismissal."

Mooney failed to comply with the October 2 order, and, on October 21, Singh filed a motion to dismiss.  Copies of this motion and proposed order were sent to Mooney along with a cover letter.  In that letter, Singh requested the trial court to enter the dismissal order if it did "not receive any

_____

[1] Volunteer Healthcare Systems, Inc. d/b/a Dickenson County Medical Center, and Sabry Radawi, M.D., were nonsuited on September 24, 1996.

objections from counsel for the plaintiff within ten days of the date of this letter."  Two days later, on October 23, the trial court entered the proposed order dismissing Mooney's action with prejudice.

On September 24, 1999, Mooney filed a motion to vacate the October 23, 1998 order, asserting it was void because it did not comply with Rule 1:13.  Mooney also filed a motion for nonsuit.

The trial court agreed with Mooney and held that " 'reasonable notice of the time and place of presenting such drafts . . .' of the final order was not properly given" to Mooney's counsel as required by Rule 1:13.  The trial court "in its discretion" declared the October 23, 1998 order "void ab initio" and granted Mooney's motion to vacate the order. The trial court also granted Mooney's motion for a nonsuit and dismissed the original action without prejudice.  We awarded Singh an appeal.

On appeal, Singh presents the following single assignment of error:

> The trial court had no authority to vacate the final order and grant a nonsuit of this action on January 7, 2000, because the trial court lost jurisdiction of this action twenty-one days after the entry of the final order on October 23, 1998.

Resolution of this issue requires consideration of whether an order entered in violation of Rule 1:13 is void ab initio or

2

merely voidable.  If it is the former, it can be challenged at any time; if the latter, it is not subject to collateral attack and is subject to the limitations of Rule 1:1.  Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995).  While some of this Court's prior cases have referred to a final order which did not comply with Rule 1:13 or its predecessor as "void," we have never directly addressed whether such failure renders the final order void ab initio or merely voidable.  For the reasons that follow, we conclude that the failure to comply with Rule 1:13 renders an order voidable, not void ab initio.

The distinction between an action of the court that is void ab initio rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error.  An order is void ab initio if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could "not lawfully adopt."  Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)(quoting Anthony v. Kasey,

83 Va. 338, 340, 5 S.E. 176, 177 (1887)).[2]  The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."  Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925). Consequently, Rule 1:1 limiting the jurisdiction of a court to twenty-one days after the entry of the final order does not apply to an order which is void ab initio.

In contrast, an order is merely voidable if it contains reversible error made by the trial court.  Such orders may be set aside by motion filed in compliance with Rule 1:1 or provisions relating to the review of final orders.  See, e.g., Code § 8.01-623 (bill of review); Code § 8.01-428 (relief from judgments).

Keeping these principles in mind, we now turn to Rule 1:13.  That Rule provides:

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served by delivering . . . to all counsel of record who have not endorsed them. Compliance with this rule . . . may be modified or dispensed with by the court in its discretion.

---

[2] A judgment obtained by extrinsic or collateral fraud is also void ab initio.  Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987).

4

The Rule on its face allows a trial court, in its discretion, to dispense with the requirements of notice and endorsement. Such dispensation by the court need not appear on the face of the order. Napert v. Napert, 261 Va. ___, ___ S.E.2d ___ (2001), No. 000562, decided today; Smith v. Stanaway, 242 Va. 286, 288-89, 410 S.E.2d 610, 611-12 (1991); Rosillo v. Winters, 235 Va. 268, 272-73, 367 S.E.2d 717, 719 (1988). Thus, in this context, a claim that an order does not comply with Rule 1:13 is a claim that the trial court abused its discretion in dispensing with the requirements of the Rule when it entered the order in question. Abuse of discretion analysis involves a question of court error; it is not a question of the jurisdiction or authority of the court to enter the order.

Review of our prior cases considering Rule 1:13 and its predecessor supports the proposition that the failure to comply with Rule 1:13 is a question of trial court error, not of jurisdiction. Our cases consistently apply an abuse of discretion standard in reviewing the action of the trial court. Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 147, 530 S.E.2d 148, 154 (2000)(entry of final order without endorsement of counsel not an abuse of discretion); Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 93-94 (1996)(exercising discretion to dispense with

5

counsel's endorsement proper); Smith v. Stanaway, supra (dispensing with notice and endorsement requirements not abuse of discretion); Rosillo v. Winters, supra (dispensing with notice requirement abuse of discretion); Iliff v. Richards, 221 Va. 644, 649, 272 S.E.2d 645, 648 (1980)(in exercise of discretion, court should have required notice); Cofer v. Cofer, 205 Va. 834, 837, 140 S.E.2d 663, 665 (1965)(court should not have dispensed with requirements of rule).

An additional case which addressed Rule 1:13, State Highway Comm'r v. Easley, 215 Va. 197, 207 S.E.2d 870 (1974), is also consistent with our treatment of the failure to comply with the Rule as a matter of court error, and not court jurisdiction. In Easley, we held that a challenge to compliance with Rule 1:13 could only be raised by the party whose rights were prejudiced by such alleged failure. Id. at 202, 207 S.E.2d at 874. Yet, as stated above, an order which is void ab initio can be challenged "by all persons, anywhere, at any time, or in any manner." Barnes, 144 Va. at 705, 130 S.E. at 906.

While challenges to compliance with Rule 1:13 have consistently been reviewed by applying an abuse of discretion standard, references regarding the result of such an abuse of discretion have not been consistent. For example, in Iliff, the Court concluded that the "failure on the part of the trial

6

court [to require notice under Rule 1:13] was an abuse of discretion amounting to reversible error" and then went on to conduct a harmless error analysis. 221 Va. at 649, 272 S.E.2d at 648. Yet, in Rosillo, after concluding that the trial court abused its discretion in dispensing with the requirements of the Rule, the Court stated that the order entered "was void, thus nullifying all subsequent proceedings in the suit." 235 Va. at 273, 367 S.E.2d at 719. And in Cofer, the Court stated that the order, entered without notice, was "void" and that "a void decree or order is a nullity and may on proper application be vacated at any time." 205 Va. at 837, 140 S.E.2d at 665-66.

In the absence of further clarification, the statement in Rosillo declaring the order "void" does not indicate whether the order was void ab initio or merely voidable. Thus, Rosillo is not directly at odds with the statements made in Iliff. However, the statements in Cofer declaring the order "void" and referring to a "void decree" as a nullity and subject to attack at any time cannot be reconciled with the reversible error and harmless error analysis applied in Iliff.

Notwithstanding this inconsistency, we conclude that our prior cases and the principles that underlie the distinction between orders which are void ab initio and those merely voidable are consistent with the conclusion that an order

entered in violation of Rule 1:13 is voidable, not void <u>ab</u> <u>initio</u>.  To the extent <u>Cofer</u> stands for the proposition that an order entered in violation of Rule 1:13 is void <u>ab</u> <u>initio</u>, it is overruled.

In light of this conclusion, the trial court in this case did not have jurisdiction to vacate the October 23, 1998 order because more than twenty-one days had passed.  Rule 1:1. Similarly the trial court was without jurisdiction to enter an order of nonsuit.  Accordingly, we will reverse the judgment of the trial court and reinstate the October 23, 1998 order dismissing the action with prejudice.

<u>Reversed and final judgment.</u>

8