COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


TIMOTHY J. WILSON

MEMORANDUM OPINION[*] BY
v.    Record No. 1959-01-4        JUDGE ROSEMARIE ANNUNZIATA
                                        AUGUST 13,2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Alfred D. Swersky, Judge

Barbara Fortner, Third Year Law Student
(Heidi Meinzer, Assistant Public Defender, on
briefs), for appellant.

Richard B. Smith, Senior Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


At a bench trial on July 17, 2001, the circuit court found

Timothy Wilson guilty of contempt of court and sentenced him to

ninety days in jail, with all but thirty days suspended for one

year, conditioned on his uniform good behavior.  Timothy Wilson

appeals this decision on the ground that the underlying

conviction for assault and battery was previously dismissed by

the district court.  For the reasons that follow, we affirm.

### Background

Wilson was convicted of assault and battery of a household

member by the juvenile and domestic relations district court on

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

March 10, 2000, sentenced to ninety days in jail with ninety days suspended on the condition that he be of good behavior and keep the peace. In addition, the court ordered that he "enter and complete programs as directed by the [Court Services Unit]." On June 9, 2000, the district court issued a show cause summons charging Wilson with violating his sentence because he failed to enter into and complete programs directed by the Court Services Unit. On June 26, Wilson signed an Adult Supervision Plan, which stated that his ninety-day sentence had been suspended based upon completion of a supervised plan. The plan required that he attend counseling sessions at the Counseling Center of Fairfax, obtain employment or attend school, not use illegal drugs and not leave the D.C. area without permission.

On July 17, 2000, Wilson appeared before a substitute district court judge on the show cause summons. The court dismissed the show cause and allowed Wilson additional time to enter and complete the Court Services Unit programs. However, the substitute judge put an "X" in the box next to "I Order the charge dismissed" and wrote "D.A. 7/17/00" next to it. He also wrote and crossed out "7/17/00 Dismissed – Def. Complied."

Following this extension, Wilson executed two more Adult Supervision Plans, each reflecting that he has received a ninety day suspended sentence requiring him to participate in a treatment program. Wilson did not comply.

-

On March 29, 2001, the district court entered a capias for Wilson's arrest to show cause why he should not be required to serve the sentence previously suspended on March 10, 2000, because he had failed to enter into and complete programs as directed by the Court Services Unit.  Wilson was arrested on April 17, 2001.

At the show cause hearing on May 14, 2001, the district court found Wilson guilty of failing to comply and sentenced him to serve ninety days.  Wilson appealed to the circuit court.

At the July 17, 2001 circuit court hearing, defense counsel moved to strike the evidence on the ground that the March 10, 2000 order requiring Wilson to enter and complete programs had been dismissed in the district court on July 17, 2000 by the substitute judge.  The circuit court dismissed the motion, found Wilson guilty of contempt of court and sentenced him to ninety days in jail, with all but thirty days suspended for one year, conditioned on his uniform good behavior.  It is from this decision that Wilson appeals.

## Analysis

Wilson contends that the trial court erred because the district court dismissed the underlying charge for assault and battery on July 17, 2000.  The Commonwealth argues, however, that the district court lacked jurisdiction to dismiss the conviction and, assuming it had jurisdiction, the record does not establish that the substitute judge dismissed the assault

-

and battery conviction.  We agree that the district court lacked jurisdiction to modify the conviction and, therefore, affirm.

> An order is void <u>ab</u> <u>initio</u> if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it . . . . The [absence] of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."

<u>Singh v. Mooney</u>, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (citations omitted).

A conviction may be "modified, vacated, or suspended for twenty-one days after the date of entry and no longer."  Rule 1.1.  In addition, a person convicted in a district court may apply to reopen his case "[w]ithin sixty days from the date of conviction."  Code § 16.1-133.1.

On March 10, 2000, the district court entered an order finding Wilson guilty of assault and battery of a household member and sentenced him to ninety days in jail, suspended, on the condition that he be of good behavior and keep the peace. In addition, the court ordered that he "enter and complete programs as directed by the [Court Services Unit]."[1]  On July 17,

---

[1] Wilson alleges that his March 10, 2000 conviction was not a final order.  However, he advances no argument in support of this contention and cites no legal authority in support thereof. Therefore, we will not consider this argument.  <u>See</u> <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to

-

2000, 129 days later, the district court allegedly dismissed the charge. Under Virginia law, therefore, the district court no longer had jurisdiction over Wilson's case and could not dismiss his conviction. See Rule 1.1; Code § 16.1-133.1. Accordingly, we hold that the circuit court's judgment finding Wilson in contempt of court on July 17, 2001 was based on a valid conviction and, therefore, affirm.

Because we find that the district court did not have the authority to dismiss Wilson's underlying charge of assault and battery, we need not address whether the July 17, 2000 order was intended to dismiss the charge. See Singh, 261 Va. at 51, 541 S.E.2d at 551 ("An order is void ab initio if entered by a court in the absence of jurisdiction of the subject matter or over the parties . . . .").

Affirmed.

---

the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief.").

-