## CIRCUIT COURT OF FAIRFAX COUNTY

David J. Small

v.

Kenneth A. Lehman

March 24, 2005

Case No. (Law) 217124

BY JUDGE DENNIS J. SMITH

This matter came to be heard upon Defendant Kenneth A. Lehman's Plea in Bar to all counts of the Motion for Judgment. After hearing argument, the Court reserved judgment, asking the parties to file further briefs with regard to constitutional issues surrounding the application of Va. Code § 8.01-230 to the facts of this case. The Court has now fully reviewed the briefs and concludes that the Plea in Bar should be granted, and I write to amplify the Court's rationale for dismissing the case. As there is no challenge to the constitutionality of Va. Code § 8.01-230 on the basis of the statute's facial invalidity, the Court's analysis is confined to the premise that the statute is unconstitutional as applied.

The facts are undisputed. The gravamen of Mr. Small's claim is his assertion that his attorney, Mr. Lehman, was negligent in failing to obtain a valid Final Decree of Divorce, the result of such negligence being Mr. Small's continuing liability for support pursuant to an Order entered in a prior divorce action. In 1993, Plaintiff David Small retained the Law Offices of Fite, O'Brien and Byrum, Ltd., to pursue a divorce from his wife, Ms. Stephanie Small. A Bill of Complaint for divorce was filed on Mr. Small's behalf on December 20, 1993 ("Case No. 1"). On May 19, 1994, Judge Richard J. Jamborsky entered a custody order granting custody of the minor child to Plaintiff David Small with visitation by Ms. Small. The next day, on May 20, 1994, Judge Thomas Kenny entered a *Pendente Lite* Order which reiterated the prior custody award and also ordered Ms. Small to pay child support in the

amount of $168.00 per month and spousal support [to Ms. Small] in the amount of $950.00 per month, both support awards commencing on April 1, 1994.

In 1995, following a hiatus from any Court proceedings, Mr. Small retained Mr. Lehman to obtain the divorce. Mr. Lehman filed a second suit in the Circuit Court of Fairfax County on December 1, 1995 ("Case No. 2"). Process in initiating this second action was personally served on Ms. Small in Virginia, as was Notice of a hearing before a duly appointed Commissioner in Chancery who, pursuant to this Notice, heard evidence supporting entry of a Final Decree of Divorce. A hearing was scheduled for entry of a Final Decree of Divorce in accordance with the recommendations of the Commissioner. Ms. Small, who never appeared in the second suit, was provided Notice of this hearing, but only by United States Mail. On July 12, 1996, Mr. Lehman obtained entry of the Final Decree of Divorce from the Circuit Court of Fairfax County, Virginia.

On October 20, 2000, Ms. Small reinstated Case No. 1 on the Court's docket and, based upon her affidavit, a Rule to Show Cause was entered against Mr. Small for nonpayment of the support provisions of Judge Kenny's *pendente lite* Order of May 20, 1994. Mr. Small contested the Rule to Show Cause on the basis that the entry of the Final Decree in Case No. 2 terminated his obligation to make payments pursuant to the *pendente lite* order in Case No. 1. Ms. Small countered that the Final Decree entered in Case No. 2 was invalid, as (1) the court did not have personal jurisdiction over her as the initial process had not been served upon her and (2) she had not been served with notice of entry of the decree in accordance with § 20-99.2. After taking evidence, Judge Arthur B. Vieregg, in a Letter Opinion of December 21, 2001, rejected her first argument but agreed with her second, further finding that the Final Decree of Divorce entered in Case No. 2 was "void."

The distinction between a "void" and a "voidable" decree could be significant in this case. If the Final Decree in the instant matter was voidable, it could be argued that there was no "injury" to Mr. Small until a Court declared the Final Decree void as the Decree was legally effective until it was declared void by a court of competent jurisdiction. Under this theory, while the Final Decree was in effect, Mr. Lehman would have fulfilled his obligations under the contract to obtain a valid Final Decree, and, therefore, Mr. Small could not properly institute an action against Mr. Lehman for legal malpractice, as no breach of duty had occurred. Accordingly, if Mr. Small's

ability to bring the action did not exist prior to the expiration of the Statute of Limitations for bringing such an action, it could constitute an unconstitutional application of Va. Code § 8.01-230 as it would violate his right to due process of law. For purposes of this opinion, the Court assumes this to be correct without so holding, as it is not necessary to reach that issue in this case.

The effect of voidable judgments was analyzed in the case of *Evans v. Asphalt Roads, etc., Co.*, 194 Va. 165, 172, 72 S.E.2d 321 (1952). Mr. Justice Spratley wrote:

> [U]nless and until it is duly annulled, [a voidable judgment] is attended with all the ordinary consequences of a legal judgment. If no proceedings are ever taken against it, it will continue throughout its life to all intents a *valid* sentence. If emanating from a court of general jurisdiction, it will be sustained by the ordinary presumptions of regularity, and it is not open to impeachment in any collateral action.

(Emphasis added.)

The well-established distinction between the terms "void" and "voidable" was explained again by Mr. Justice Spratley with regard to void versus voidable marriages:

> A void marriage confers no legal rights, and, when it is determined that the marriage is void, it is as if no marriage had ever been performed. . . . A voidable marriage differs from a void marriage in that it may be afterwards ratified by the parties and become valid and *usually is treated as a valid marriage until it is decreed void.*

*Toler v. Oakwood Smokeless Coal Corp.*, 173 Va. 425, 432, 4 S.E.2d 364 (1939), quoting Keezer on *Marriage and Divorce.* (Emphasis added.)

. It is therefore crucial to note that Judge Vieregg, in his December 21, 2001, letter opinion, specifically rejected the notion that the Divorce Decree entered in July 1996 was "voidable" and instead declared it to be "void," that is, *void ab initio.* The propriety of Judge Vieregg's ruling that the decree was "void" was never challenged by direct appeal. As there is no assertion that Judge Vieregg's order is void, his ruling that the Final Decree in Case No. 2 was void is final and binding on this court. *The Law Dictionary* (Anderson Publishing Co. 2002) succinctly defines void *ab initio* as "a contract null from its inception." Otherwise stated, a void decree is a complete nullity. *See Singh v. Mooney*, 261 Va. 48, 541 S.E.2d 549 (2001). Accordingly, the Final Decree

entered on July 12, 1996, never had any effect and Mr. Small was injured upon its entry.

Counsel for Plaintiff asserts that the void divorce decree was "inert" prior to Judge Arthur Vieregg's February 2001 Order and, therefore, Mr. Small had no remedy to redress the injury prior to this time. This argument, however, cannot be squared with the plain language of Va. Code § 8.01-230 which states: "the right of action shall be deemed to accrue . . . when the breach of contract occurs . . . and not when the resulting damage is discovered." The language of this statute in combination with the determination that the divorce decree was void from the date it was signed makes clear that the breach of contract between attorney and client occurred upon the entry of the decree. The fact that Mr. Small may have been unaware until 2001 that his divorce was void and that he had suffered a legal injury has no effect upon when the prescribed limitation period begins to run.

Furthermore, the Virginia Supreme Court has clearly stated that the Statute of Limitations in legal malpractice actions is not to be extended due to difficulty in discovering the injury. Instead, the statute of limitations is triggered when injury is caused by the breach of contract. *Shipman v. Kruck*, 267 Va. 495, 593 S.E.2d 319 (2004). In writing for the Court, Justice Agee recognized "that this rule may produce inequities by triggering a statute of limitations 'when the injury or damage is unknown or difficult or even incapable of discovery. . .'." *Shipman* at 503 (quoting *Virginia Military Inst. v. King*, 217 Va. 751, 759, 232 S.E.2d 895 (1977)). The *Shipman* Court nevertheless reaffirmed the rule and concluded that "it was the role of the General Assembly, not the judiciary, to change a rule of law that has been relied upon by bench and bar for so long." 267 Va. at 503.

Finally, turning to the applicable limitation period, the applicable limitation period is established by Va. Code § 8.01-246 as three years for an oral contract and five years for a written contract. As set forth above, the limitation period began to run on July 12, 1996, the date the void Final Decree of Divorce was entered. The Motion for Judgment in the instant matter was not filed until September 11, 2003, well after the applicable Statute of Limitations for either oral or written contracts had expired.

In summary, the application of § 8.01-230 to the facts at bar does not violate Mr. Small's constitutional right to due process of law, and, as this suit was not filed until after the expiration of the period of limitations set forth in that statute, the Plea in Bar is granted.