BENTON, J.,
concurring, in part, and dissenting, in part.
I concur in the opinion, except for Part “II. B.,” styled “Remedy.”
As the majority opinion holds, the trial judge had no power to enter an order modifying the father’s child support payments. Therefore, the order was void.
An order is void ah initio if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court *269 had no power to render it, or if the mode of procedure used by the court was one that the court could “not lawfully adopt.” Evans v. Smyth-Wythe Airport Comm’n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be “impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.” Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925).
Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (footnote omitted). See also Watkins v. Watkins, 220 Va. 1051, 1054, 265 S.E.2d 750, 752-53 (1980).
The father has requested a remand with instructions to the trial judge to order the mother to “reimburse” him for the payments he was directed to make under the void order. This is a feasible remedy because the circuit court retains continuing jurisdiction to initiate enforcement of the existing support order. See Code §§ 20-88.40 and 20-88.43:2. Furthermore, I would hold that the remedy in this case is not limited by Reid v. Reid, 245 Va. 409, 429 S.E.2d 208 (1993), where the judge’s actions were within his authority but erroneous, and, therefore, merely voidable. “The distinction between an action of the court that is void ab initio rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error.” Singh, 261 Va. at 51, 541 S.E.2d at 551. Because the support judgment entered by the trial judge in this case is void, it conferred no rights on the mother and no obligations on the father.
For these reasons, I would hold the father is entitled to an order restoring the status quo ante and, therefore, is entitled to either restitution of money he was required to pay under the void order or a credit for this amount toward his continuing support obligation. See Hughes v. Hughes, 173 Va. 293, 306, 4 S.E.2d 402, 407 (1939) (reversing a judgment and ordering the trial judge to credit husband for sums he may have paid for support during pendency of litigation).