COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Haley and Retired Judge Hodges*


RUBY V. SCHWENK
                                                          MEMORANDUM OPINION**
v.        Record No. 2273-08-2                                 PER CURIAM
                                                             MARCH 17, 2009
CHARLES R. SCHWENK


                    FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
                                  Thomas B. Hoover, Judge

                   (Yvette A. Ayala; Dominion Law, PLLC, on brief), for appellant.

                   No brief for appellee.


          Ruby V. Schwenk (wife) appeals the entry of the final decree of divorce.  Wife argues that

the trial court erred in entering the final decree of divorce because the trial court waived wife's

endorsement pursuant to Rule 1:13 and wife did not have notice of the entry of the final decree.

Wife contends that the final decree of divorce is voidable.  Upon reviewing the record and the

opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

                                          BACKGROUND

          On February 15, 2008, Charles R. Schwenk (husband) filed a complaint for divorce and

notice to take depositions.  Wife was personally served on February 23, 2008.  On April 9, 2008,

husband conducted the depositions, and on June 9, 2008, husband filed the final decree of divorce

with the court.  Husband sent a copy of the final decree of divorce to an attorney who represented

────────────────

          * Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

          ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

wife during their negotiations in May 2007; however, the attorney had not made an appearance in the matter pending before the trial court. At that time, wife had not filed an answer, or any other type of pleading, in the case. On June 17, 2008, the trial court returned the proposed final decree to husband's counsel and asked him to delete the attorney signature block for wife since no appearance had been made. Upon receipt of the revised final decree, the trial court entered the final decree on June 27, 2008. On July 17, 2008, the twentieth day after the entry of the final decree, wife filed *pro se* a motion to rehear. She did not request that the trial court stay the running of Rule 1:1. On August 5, 2008, the trial court sent a copy of the motion to rehear to husband's counsel and requested a response. Upon receipt of husband's response to defendant's motion to rehear, the trial court denied the motion to rehear and removed the case from the docket. Wife timely noted her appeal.

ANALYSIS

Wife argues that her due process rights were violated because the entry of the final decree did not comply with Rule 1:13.

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them. Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

Rule 1:13. Wife did not have counsel of record when the final decree was entered. No appearance had been made on her behalf. As wife acknowledges, the trial court has the discretion to dispense with a party's endorsement. There was no abuse of discretion.

Wife next argues that her objection to the entry of the final decree was timely. Wife filed a motion to rehear on the twentieth day after the entry of the final decree. She did not ask the trial court to vacate or suspend the final decree pursuant to Rule 1:1. "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial

- 2 -

court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1. Therefore, after the twenty-first day following entry of the final decree, the trial court no longer had the jurisdiction to modify the final decree.

Lastly, wife argues that the final decree is voidable because it violated Rule 1:13. Regardless of whether there was a violation of Rule 1:13, "the failure to comply with Rule 1:13 renders an order voidable, not void *ab initio*." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001). A voidable order "is subject to the limitations of Rule 1:1" and cannot "be challenged at any time." Id. Furthermore, "failure to comply with Rule 1:13 is a question of trial court error, not of jurisdiction." Id. at 53, 541 S.E.2d at 552. Therefore, the final decree is a final order and cannot be challenged after the twenty-first day of its entry.

## CONCLUSION

The trial court did not err in entering the final decree and denying wife's motion to rehear because more than twenty-one days had expired since the entry of the final decree and the trial court no longer had jurisdiction over the matter.

Affirmed.