# CIRCUIT COURT OF THE CITY OF NORFOLK

Emanuel A. Cummings

v.

Investor's Financial Services

June 22, 2010

Case No. (Civil) CL09-7847

BY JUDGE KAREN J. BURRELL

This garnishment exemption claim is before the Court on appeal from the Norfolk General District Court. Emanuel A. Cummings, plaintiff, contends that Investor's Financial Services, defendant, improperly charged him a higher interest rate than authorized by Virginia Code § 6.1-330.54 and impermissibly charged compound interest on the prejudgment interest judgment obtained against the plaintiff on July 11, 2000.

Subsequent to the hearing in this matter, the Court received additional documents and written argument from both parties. In addition, by agreement of the parties, the Court received copies of the July 11, 2000, Judgment Order and the relevant Retail Installment Contract entered into by the parties.

Upon consideration of the pleadings, *ore tenus* testimony, evidence presented and applicable authority, the Court finds that the request for exemption should be denied and that plaintiff owes an outstanding interest only balance of $12,223.40.

*Impermissible Interest*

The plaintiff maintains that he is entitled to a garnishment "exemption" because defendant is improperly charging a post-judgment

436

interest rate of 21.9% in violation of Virginia Code § 6.1-330.54. The version of Virginia Code § 6.1-330.54, in effect in 2000, the year judgment was obtained against the plaintiff, provided, in relevant part, that:

> The judgment rate of interest shall be an annual rate of nine percent, except that a money judgment entered in an action arising from a contract shall carry interest at the rate lawfully charged on such contract, or at nine percent annually, whichever is higher. Interest at the judgment rate, where no rate is fixed by the contract, shall apply to both prejudgment interest pursuant to § 8.01-382 and to post-judgment interest.

Va. Code § 6.1-330.54.

The plaintiff's position is without merit for several reasons. First, the plaintiff's motion is seeking to have the Court "go behind" or amend the underlying judgment order. The imposition of a 21.9% post-judgment interest rate arises out of a judgment Order entered in the Norfolk General District Court on July 11, 2000. That Order is now final and not subject to collateral attack. Virginia Supreme Court Rule 1:1 provides:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. ... The date of entry of any final judgment, order, or decree shall be the date the judgment, order or decree is signed by the judge.

Rule 1:1.

Here, the trial judge granted judgment to the defendant on July 11, 2000, and entered the judgment Order that same date. As more than twenty-one days have passed since the entry of the Order, the Court no longer has authority to modify, vacate, or suspend it.

Second, while the Court recognizes that a void order is a complete nullity and therefore subject to be challenged directly or collaterally by all persons, anywhere, at anytime, or in any manner, the Order at issue here is not a void order. An order is void *ab initio* if the court did not have the jurisdiction to render the order or if the court employed an unlawful mode of procedure in entering the order. *Collins v. Shepherd*, 274 Va. 390, 402, 649 S.E.2d 672, 678 (2007); *Singh v. Mooney*, 261 Va. 48, 51-52, 541

S.E.2d 549, 551 (2001); *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998); *Lapidus v. Lapidus*, 226 Va. 575, 579, 311 S.E. 2d 786, 788, (1984). The record is devoid of any evidence establishing that the General District Court did not have jurisdiction in the underlying matter or that the court employed an unlawful mode of procedure in entering the order.

Further, the law recognizes that a court has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by a trial court is to appeal the court's decision upon entry of a final order, not to collaterally attack the erroneous decision in a separate action. See *Singh*, 261 Va. at 52-53, 541 S.E.2d at 551-52; *Parish*, 250 Va. at 521-22, 464 S.E.2d at 145-46; *Farant Inv. Corp. v. Francis*, 138 Va. 417, 436 122 S.E. 141, 147 (1924). A challenge to an order based on a trial court's misapplication of a statute generally raises a question of court error, not a question of the court's jurisdiction. *Parish*, 250 Va. at 521, 464 S.E.2d at 145.

Third, assuming that the Court has authority to amend the judgment order, the facts do not justify the Court taking such action, as the award of 21.9% interest is provided for in the contract between the parties.

*Interest Calculations*

Plaintiff maintains that defendant has improperly charged him compound interest (interest on the interest), a fact that defendant disputes. Upon a review of the evidence, the Court finds that Investor's Financial Services has been charging plaintiff simple interest at 21.9% on the judgment amount of $8,094.26, accruing since December 22, 1995. Additionally, the Court has performed its own interest calculations as laid out in the attached spreadsheet.

Using a simple interest rate of 21.9%, and calculating based upon days between payments, the same method employed by Investor's, the Court finds that plaintiff accumulated a total of $20,356 of interest from December 22, 1995, until July 31, 2009, when the plaintiff paid off the last of the $8,094.26 judgment principal. Adding to this total interest the principal and the awarded attorney's fees of $1,214.14, plaintiff owed a total of $29,664.41. Based upon accounting information provided to the Court, plaintiff paid a total of $17,441.01 as of March 12, 2010. Thus, the Court determines that the balance owed as of March 12, 2010, is $12,223.40. As the $12,223.40 balance is reflective of the remaining interest owed, no additional interest is to be charged.

438

Accordingly, plaintiff's motion for exemption is denied and plaintiff is ordered to pay defendant the remaining balance of $12,223.40.