Present: All the Justices

TARIQ RASHAD AMIN

v. Record No. 122035                          OPINION BY
                                     JUSTICE DONALD W. LEMONS
COUNTY OF HENRICO                          October 31, 2013

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals of Virginia erred in holding that Rule 5A:12 prevented it from addressing whether the circuit court's order convicting Tariq Rashad Amin ("Amin") was void ab initio.

I.  Facts and Proceedings Below

Amin was convicted of carrying a concealed weapon in violation of "Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-308."  He appealed his conviction to the Court of Appeals of Virginia ("Court of Appeals").  In his petition for appeal he included one assignment of error, which stated, "The trial court erred in denying the motion to suppress."  The Court of Appeals denied the petition for appeal.

Amin filed a petition for rehearing by a three-judge panel.  His petition included one assignment of error, which stated, "The Court erred in holding that the trial court did not err in denying the motion to suppress."  The Court of Appeals granted Amin's petition for rehearing.  Amin then filed his "Appellant Designation of the Appendix and

Assignments of Error."  In this pleading, Amin included two assignments of error.  He kept his original assignment of error challenging the denial of the motion to suppress, but also added an additional assignment of error, which stated, "That the conviction is void as a matter of law as there exists no Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-308."

The Court of Appeals issued a published opinion, Amin v. County of Henrico, 61 Va. App. 67, 733 S.E.2d 661 (2012), in which it affirmed Amin's conviction.  In its opinion, the Court of Appeals noted that Henrico County Ordinance 22-2 only adopts and incorporates the provisions of Title 18.2, Chapter 7, Article 2, while the criminal act of carrying a concealed weapon under Code § 18.2-308 is in Title 18.2, chapter 7, Article 7.  Id. at 73, 733 S.E.2d at 664 (emphasis added).

The Court of Appeals acknowledged that "[i]t is well recognized that an order which is void ab initio is 'a complete nullity and it may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.'"  Id. at 74, 733 S.E.2d at 664 (quoting Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001)).  However, the Court of Appeals held that because Amin had not included the new assignment of error in his petition for appeal, it could not address whether the conviction order was

2

void ab initio.  Amin, 61 Va. App. at 73, 733 S.E.2d at 664.

The Court of Appeals explained that "an appellate court must

properly have acquired appellate jurisdiction itself before it

can hear a challenge to any lower court or agency's actions,"

and determined that because Amin did not comply with Rule

5A:12(c), the Court of Appeals could not address the issue.

Id. at 74-75, 733 S.E.2d at 665 (internal quotation marks

omitted).

Amin timely filed a petition for appeal in this Court,

and we awarded him an appeal on the following assignment of

error:

> That the Court of Appeals erred in denying
> that the conviction is void as a matter of
> law as there exists no Henrico County
> Ordinance 22-2 incorporating Virginia Code
> Section 18.2-308 pursuant to the ends of
> justice exception of Rule 5A:18 by
> applying Rule 5A:12.  Relief is requested
> here pursuant to Rule 5:25.

## II.  Analysis

### A.    Rule 5:17

We must first address whether Amin's assignment of error

to this Court is sufficient.  Rule 5:17(c) requires that all

petitions for appeal filed in this Court list the specific

errors in the rulings below that the appellant challenges.

"When appeal is taken from a judgment of the Court of Appeals,

only assignments of error relating to assignments of error

presented in, and to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court." Rule 5:17(c)(ii).

Although Amin's assignment of error could certainly have been more artfully drafted, it is sufficient to assert that the Court of Appeals erred by applying Rule 5A:12 and refusing to address whether Amin's conviction was void ab initio as a matter of law. Accordingly, we will now address the merits of his appeal.

## B.    Standard of Review

We review questions of law de novo. See Stevens v. Commonwealth, 283 Va. 296, 302, 720 S.E.2d 80, 82 (2012). "A lower court's interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." LaCava v. Commonwealth, 283 Va. 465, 469, 722 S.E.2d 838, 840 (2012) (citations omitted).

## C.    Discussion

Rule 5A:12(c)(1) sets out the requirements for petitions for appeal filed in the Court of Appeals. It states in relevant part:

> (i) Effect of Failure to Assign Error.
> Only assignments of error assigned in the
> petition for appeal will be noticed by
> this Court. If the petition for appeal
> does not contain assignments of error, it
> shall be dismissed.

4

The Court of Appeals is correct that ordinarily when a party fails to comply with Rule 5A:12, the Court of Appeals may refuse to consider any assignment of error that is not raised in a timely manner or not properly included in the petition for appeal. However, the exception to that general rule was articulated by this Court in Singh v. Mooney.

In Singh, we held that an order that is void ab initio "may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." 261 Va. at 52, 541 S.E.2d at 551 (internal quotation marks omitted). We also held that Rule 1:1, which limits the jurisdiction of a court to twenty-one days after entry of the final order, does not apply to an order which is void ab initio. Id. at 52, 541 S.E.2d at 551. The reason for that remedy is that an order which is void ab initio is a "nullity," and is without effect from the moment it comes into existence. Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 221 (2013). Accordingly, the Court of Appeals may not use a rule of court to supersede this principle of law that implicates constitutional principles of due process.

As vital as this principle of law is, the Court of Appeals was correct in its holding that an appellate court must have acquired appellate jurisdiction itself before it can hear a challenge to a lower court or agency's actions,

5

including a challenge that a lower court's order is void ab initio. Therefore, in order to be able to consider the merits of Amin's argument on this point, the Court of Appeals must have acquired appellate jurisdiction over the case.

A litigant's failure to include any sufficient assignments of error in a petition for appeal can deprive this Court of active jurisdiction to consider the appeal. Davis v. Commonwealth, 282 Va. 339, 339-40, 717 S.E.2d 796, 796-97 (2011). Similarly, in Smith v. Commonwealth, 281 Va. 464, 468, 706 S.E.2d 889, 892 (2011), we held that "noncompliance with the rule involving the timely filing of a petition for appeal and including assignments of error in that petition deprive the appellate court of active jurisdiction over the appeal." If Amin's petition for appeal had been untimely, had failed to include any assignments of error, or if the only assignment of error had been insufficient to comply with Rule 5A:12, the Court of Appeals would have lacked active jurisdiction and would have been required to dismiss the petition for appeal.

In this case, however, Amin's petition for appeal included one proper assignment of error. All the necessary parties were present and the appeal had been timely filed and granted. Consequently, the Court of Appeals had acquired active jurisdiction over Amin's appeal. At that point, Amin

had the right to raise the issue whether his conviction order was void ab initio. This issue may be advanced "directly or collaterally by all persons, anywhere, at any time, or in any manner," Singh, 261 Va. at 52, 541 S.E.2d at 551 (internal quotation marks omitted). Accordingly, once the Court of Appeals acquired appellate jurisdiction over Amin's appeal, it was required to review the merits of Amin's argument that the conviction order he was appealing was void ab initio.

## III. Conclusion

We will reverse the Court of Appeal's holding that Rule 5A:12 barred it from considering Amin's argument that the conviction order he was appealing was void ab initio. We remand the matter to the Court of Appeals for a determination of this question on the merits.

Reversed and remanded.

JUSTICE POWELL, dissenting.

The majority briefly discusses Amin's assignment of error before concluding that the Court of Appeals erred in not reaching the merits of Amin's claim that his conviction from Henrico County for possession of a concealed weapon was void ab initio. I respectfully disagree with the majority that Amin's assignment of error is sufficient to place his

7

substantive complaint before us.  Therefore, for the following reasons, I would dismiss his appeal.

"When appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court."  Rule 5:17(c)(ii).

> The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct this [C]ourt and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points.  Without such assignments, appellee would be unable to prepare an effective brief in opposition to the granting of an appeal, to determine the material portions of the record to designate for printing, to assure himself of the correctness of the record while it is in the clerk's office, or to file, in civil cases, assignments of cross-error. Harlow v. Commonwealth, 195 Va. 269, 271-72, 77 S.E.2d 851, 853 (1953).

Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995).

> Amin's assignment of error is

> That the Court of Appeals erred in denying that the conviction is void as a matter of law as there exists no Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-308 pursuant to the ends of justice exception of Rule 5A:18 by applying Rule 5A:12.  Relief is requested here pursuant to Rule 5:25.

8

Contrary to Amin's assignment of error, the Court of Appeals did not deny that his conviction was void. To the contrary, the Court of Appeals did not address Amin's argument on the merits. Specifically, the Court of Appeals held that it lacked "appellate jurisdiction" to consider the issue on the merits because Amin failed to include an assignment of error in his petition to the Court of Appeals that addressed whether his conviction order was void ab initio. Regardless of whether the Court of Appeals was correct, Amin's assignment of error to this Court does not assign error to the Court of Appeals' holding that it lacked jurisdiction but instead assigns error that incorporates his substantive argument that his conviction order was void ab initio. Thus, I do not believe that Amin's assignment of error is sufficient to comply with Rule 5:17(c)(ii) to properly bring him before this Court and I would dismiss his appeal.

9