COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


CHARLES CURRY,
  S/K/A CHARLES JEROME CURRY

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0180-15-1                        JUDGE RICHARD Y. ATLEE, JR.
                                                         DECEMBER 22, 2015
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Johnny E. Morrison, Judge

        W. McMillan Powers, Assistant Public Defender, for appellant.

        John W. Blanton, Assistant Attorney General (Mark R. Herring,
        Attorney General, on brief), for appellee.


        Appellant Charles Curry argues that the Circuit Court for the City of Portsmouth ("trial

court") abused its discretion by revoking his probation and sentencing him to serve a term of

eleven years and eleven months, with eleven years suspended. We disagree and affirm.

                                    I. BACKGROUND

        In 2007, the trial court convicted Curry of possession of heroin with intent to distribute[1]

and sentenced him to fifteen years' incarceration with twelve years suspended, with four years of

active probation followed by eight years of inactive probation. In July 2013, the trial court found

Curry guilty of violating the terms of his probation, revoked his suspended sentence, and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The court later amended the conviction to possession of cocaine with intent to distribute.

sentenced Curry to one year's imprisonment with eleven months suspended.[2] The trial court found Curry guilty of violating probation in January 2015, at which point it revoked Curry's probation and sentenced him to eleven years, eleven months, with eleven years suspended, conditioned upon successful completion of four years of supervised probation followed by eight years of unsupervised probation.

## II. ANALYSIS

### A. *Standard of Review*

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Jacobs v. Commonwealth, 61 Va. App. 529, 535, 738 S.E.2d 519, 521-22 (2013) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). We consider the evidence in the light most favorable to the Commonwealth. Id. at 535, 738 S.E.2d at 522. "To the extent that appellant's assignment of error raises a question of statutory interpretation, that question is reviewed *de novo* on appeal." Id.

### B. *The Trial Court's Authority in Revocation Proceedings*

Curry asserts that it was fundamentally unfair, and an abuse of discretion, for the judge here to "re-impose" Curry's original sentence, arguing that he should have a right to rely on the reduced sentence from the July 2013 order. He emphasizes that the Commonwealth consented to the reduced sentence in 2013, and maintains that such consent is binding. However, under Code § 19.2-306(C) and Rule 1:1, the trial court plainly lacked the authority to amend Curry's

---

[2] Although it is ultimately irrelevant to the outcome of this case, as we explain below, it appears that the judge who entered the July 2013 order thought Curry's sentence was too long and wanted to shorten it. The Commonwealth consented to a reduced total sentence. Apparently, neither the judge nor the parties realized the trial court lacked the authority to do so.

sentence in 2013. As such, the July 2013 order was void *ab initio*,[3] and the January 2015 order appealed here did not "extend" Curry's sentence. Code § 19.2-306(C) states, in pertinent part,

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then . . . (ii) if the court originally suspended the execution of the sentence, the court *shall* revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

(Emphasis added). Under Rule 1:1, a trial court's jurisdiction to modify, vacate, or suspend final judgments, orders, and decrees expires twenty-one days after the date of entry. A judge presiding over probation violation proceedings lacks the authority to amend a sentence. Upon finding him in violation of probation, the judge is required to revoke the suspended portion and, in effect, "re-impose" the initial sentence. Because the 2013 proceedings occurred well after the expiry of the Rule 1:1 twenty-one-day window, the judge had no power to alter the length of Curry's sentence. He could only suspend all or part of the remaining sentence, impose terms and conditions, or place Curry on probation.

Facing similar facts, this Court recently held in Jacobs:

> It is plain common sense that, while a trial court has the authority to change the conditions of probation, it does not — as appellant suggests — have the authority to modify an original sentence more than 21 days after the final sentencing order has been entered. See Rule 1:1; cf. Code § 19.2-303 (providing an exception that is inapplicable here). It would be absurd to hold, as appellant would have us hold, that a trial court can simply erase a sentence that has been entered in a final order, with a single swipe of a pen, merely because the trial judge did not explicitly re-suspend a sentence in an order from a revocation hearing. *A trial court could not even shorten a final sentence if it wanted to do so* — i.e., if the defendant was on especially good behavior.

---

[3] "An order is void *ab initio* if entered by a court . . . if the character of the order is such that the court had no power to render it." Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001). If an order is void *ab initio*, "it can be challenged at any time." Id. at 51, 541 S.E.2d at 551. In sum, the 2013 order was void to the extent the court purported to shorten the appellant's sentence, and, as a void order, it can be attacked at any time.

- 3 -

Jacobs, 61 Va. App. at 538-39, 738 S.E.2d at 523-24 (emphasis added). As Jacobs explicitly stated, a trial court may not reduce (or extend) a sentence under these circumstances, even if it intentionally tried to. Even if, as Curry argues on appeal, that language was *dicta*, it was also an unquestionably accurate statement of the law. "[A] trial court simply lacks any authority to 'shorten the original sentence'" during a sentence revocation hearing. Id. at 536, 738 S.E.2d at 522 (quoting Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002)). It was not within the judge's authority to create an exception to such a clear jurisdictional rule.

Once a trial court finds a defendant in violation of probation, Code § 19.2-306(C) requires that the court revoke the suspended term, after which it may suspend all or some of the remaining sentence, or order probation. The judge presiding over the July 2013 proceedings had no authority to amend the sentence imposed in 2007, so the 2013 order was void *ab initio*. Therefore, the January 2015 order did not "extend" Curry's sentence.

### C. Notice

Curry further argues that his not having notice that he faced a potential of eleven years and eleven months imprisonment violated Code § 19.2-306(B). This provision requires a court to "issue[] process to notify the accused or . . . compel his appearance before the court" for a hearing to revoke the suspension of a sentence. Curry does not contend that he did not get *any* notice of the proceedings, only that the notice he received was inadequate. However, the plain language of the statute does not require a detailed notice of the possible sentence; rather, it requires notice of the physical place and time of the hearing. Code § 19.2-306(B); see also Price v. Commonwealth, 51 Va. App. 443, 447, 658 S.E.2d 700, 702 (2008) (noting that for due process protections in a revocation proceeding, "[t]he important thing is not the form, but the fact, of notice"). Curry received such notice. Therefore, this argument is without merit.

III.  CONCLUSION

The judge presiding over the July 2013 proceedings had no authority to amend the sentence imposed in 2007.  The January 2015 order did not extend Curry's sentence, because the July 2013 order was void *ab initio*.  In addition, Curry received adequate notice of the proceedings.  But for the July 2013 order, neither party contests that the eleven years, eleven months sentence appealed here accurately reflected the remaining term of Curry's 2007 sentence.  Accordingly, we affirm.

<u>Affirmed.</u>