COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Athey and Callins
Argued by videoconference


DARELL REMON COOK

MEMORANDUM OPINION[*] BY
v.      Record No. 1071-24-2                    JUDGE DOMINIQUE A. CALLINS
                                                SEPTEMBER 16, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Tracy Thorne-Begland, Judge

Brett Blobaum, Senior Appellate Attorney (Jamie Almallen;
Tracy E. Paner, Chief Public Defender; Richmond Public Defender's
Office, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


In a 2024 order, the circuit court found Darell Remon Cook in violation of the terms and

conditions of his probation, revoked his suspended sentence, ordered him to serve an active term of

incarceration of one year and six months, and resuspended the remainder of his sentence. On

appeal, Cook argues that the circuit court's 2022 revocation order was void ab initio because the

court violated the plain language of Code § 19.2-303 by imposing a period of supervised probation

which exceeded five years "from the date of sentencing on [his] original charge." Because the 2022

order is not void ab initio, and because Cook did not preserve for appeal his challenge to this order,

we affirm the circuit court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In October 2015, Cook pleaded guilty to distribution of heroin in violation of Code § 18.2-248. Following his conviction, the circuit court sentenced Cook to ten years of incarceration, with all time suspended, and placed Cook on supervised probation. In October 2019, the circuit court found Cook violated the terms of his probation, revoked his suspended time, imposed an active term of three months, resuspended the remainder of his sentence for a period of ten years, and reinstated his supervised probation. In December 2019, Cook began his supervised probation period.

In March 2022, the circuit court found Cook violated his probation, imposed an active sentence of 14 days, resuspended the remainder of his sentence for a period of 10 years, and reinstated his supervised probation. Following this term of incarceration, Cook began his supervised probation period in March 2022. A few months later, Cook's probation officer issued a major violation report, Cook's third since 2015, after he absconded from supervision. Cook was not arrested until March 2024.[2] In an addendum to the MVR, Cook's probation officer noted that Cook was unsuitable for supervised probation.

In June 2024, Cook moved to dismiss his most recent probation violation because he argued the plain language of Code § 19.2-303 limits a criminal defendant's period of supervised probation to five years following "the release of any [period of] incarceration ordered by the court." Cook contended that because his supervised probation began in October 2015, the

---

[1] "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Cisneros v. Commonwealth*, 82 Va. App. 147, 154 n.2 (2024) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.* (quoting *Jacobs*, 61 Va. App. at 535).

[2] According to the record, Cook "absconded from supervision effective May 2022. Cook remained free and non-compliant in the community until his arrest on March 7, 2024."

supervised probation period expired in October 2020. Cook asserted that, therefore, the circuit court's 2022 revocation order was void ab initio because it imposed an additional period of supervised probation after 2020. Accordingly, Cook argued since the March 2022 order was void ab initio, it had no legal effect, and he could not be convicted of violating its terms in 2024.

In response to Cook's motion, the Commonwealth argued that Cook was most recently released to supervised probation in March 2022, and that the five-year limit to supervised probation began at that time. The Commonwealth contended that Cook's interpretation of Code § 19.2-303 did not comport with the plain language of the statute, because "any active period of incarceration" means that the five-year limit begins from *any* period of incarceration following "an original conviction, a revocation, . . . [or] from charges in other jurisdictions."

At a revocation hearing in June 2024, the parties presented these arguments to the circuit court. Cook contended that the purpose of the amended statute "was to allow people to move on with their lives if they are being law biding [sic] citizens" and that the five-year period of Code § 19.2-303 would always begin on the date of the criminal defendant's original conviction. The Commonwealth asserted that Cook's interpretation violates the absurdity doctrine, because courts would be unable to "return [criminal defendants] to supervised probation" after absconding and violating terms of their probation.

The circuit court denied Cook's motion to dismiss, finding that Cook's probation had been "interrupted and restarted and extended." Following the plain language of the statute, the circuit court found that the "any active period of incarceration" language is "very clear" and provides that release "from any active period of incarceration" starts anew the five-year limitation on supervised probation. The circuit court subsequently found Cook in violation of his supervised probation, imposed an active period of incarceration of one year and six months,

- 3 -

resuspended the remainder of his sentence for a period of ten years, and removed Cook from supervised probation. Cook appeals.

ANALYSIS

Cook argues that Code § 19.2-303 limits a criminal defendant's period of supervised probation to five years following the date of sentencing on the original charge. Cook also contends that the circuit court's March 2022 revocation order is void ab initio as "the character of the order is such that the court had no power to render it." *Singh v. Mooney*, 261 Va. 48, 51-52 (2001). Accordingly, Cook asserts that he did not violate his probation terms in 2024 because his supervised probation period expired in 2020—five years after his original 2015 charge. The Commonwealth argues that the circuit court's 2022 revocation order is "at best . . . voidable, not void" and therefore not subject to Cook's collateral attack on appeal.[3] We agree with the Commonwealth.

"A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all." *Cisneros v. Commonwealth*, 82 Va. App. 147, 164 (2024) (quoting *Hannah v. Commonwealth*, 303 Va. 106, 119 (2024)). One circumstance which gives rise to a void ab initio judgment is when "the judgment is of a character that the court lacked power to render [it]." *Hannah*, 303 Va. at 120 (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)); *see also Singh*, 261 Va. at 51-52 (standing for the same proposition). "A judgment that is void ab initio, often simply referred to as void, can be challenged for the first time on appeal because it is a judicial nullity." *Terry v. Commonwealth*, 81 Va. App. 241, 250 (2024). Thus,

---

[3] At oral argument, the Commonwealth contended that a recent decision from this Court addressed Cook's argument. *Story v. Commonwealth*, No. 1794-23-4 (Va. Ct. App. Apr. 8, 2025). We agree. In *Story*, this Court considered a nearly identical argument, and we determined that a circuit court's misapplication of Code § 19.2-303 rendered the court's order voidable—not void. *Id.*, slip. op. at 9. Because Story failed to preserve his argument for appeal under Rule 5A:18, this Court affirmed the circuit court's judgment. *Id.* at 9-10.

the question of whether Cook's 2022 probation revocation order was void is properly before this Court. *See Hannah*, 303 Va. at 120. But our Supreme Court has recognized that "very few judgments are totally void and subject to attack at any time." *Jones v. Commonwealth*, 293 Va. 29, 47 (2017) (quoting John L. Costello, *Virginia Criminal Law and Procedure* § 62.12 (4th ed. 2008)).

"Unlike void orders, *voidable* orders 'are actions taken by a court in error but within the bounds of its authority[] . . . [and] usually involve a court's failure to comply with precedent or an applicable statute.'" *Cisneros*, 82 Va. App. at 164 (alterations in original) (quoting *Hannah*, 303 Va. at 120). "Voidable judgments are more common." *Hannah*, 303 Va. at 120. "[O]bjections to voidable errors must be preserved and brought before courts of appeal pursuant to our procedural [r]ules." *Terry*, 81 Va. App. at 250 (second alteration in original) (quoting *Hannah*, 303 Va. at 120).

"'[W]hether an alleged error by the trial court renders its order void ab initio or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law' between two very different but semantically similar concepts: subject matter jurisdiction and, for lack of a better expression, active jurisdiction." *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (quoting *Jones*, 293 Va. at 46). Subject matter jurisdiction concerns "the judicial 'power to adjudicate a case.'" *Id.* (quoting *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018)). "In contrast to subject-matter jurisdiction, 'active jurisdiction'—pragmatically called the 'jurisdiction to err'—involves not the power of the court but the proper exercise of its authority consistent with 'settled principles of unwritten law' or any applicable 'mandate of the statute law.'" *Id.* (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427 (1924)). "Simply stated, active jurisdiction requires a court with subject matter jurisdiction to adjudicate a case consistent with the law governing that adjudication." *Id.* at 266-67.

Cook acknowledges that he did not preserve his challenge to the circuit court's 2022 revocation order but asserts that the order is void ab initio because the circuit court imposed a period of supervised probation extending beyond that permitted under Code § 19.2-303. Yet our Supreme Court has previously declared that "any error arising from a misapplication of Code § 19.2-303.1 would render a judgment voidable at most." *Hannah*, 303 Va. at 124. Indeed, a circuit court's misapplication of a statute "does not render a judgment void ab initio." *Terry*, 81 Va. App. at 253 (holding that a revocation order was *not* void ab initio when the circuit court misunderstood and misapplied Code § 19.2-306.1); *see also Cisneros*, 82 Va. App. at 169 ("[F]ailure to comply with the statutory parameters for reimposing and/or resuspending the original sentence is voidable error that must be preserved in accordance with Rule 5A:18."). Here, even if it misapplied Code § 19.2-303, the circuit court's order at most was voidable, and "therefore the procedural rules for preservation of errors apply." *Terry*, 81 Va. App. at 245; *see also* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.").

Accordingly, Cook may not collaterally attack the circuit court's 2022 probation revocation order. *See Saunders v. Commonwealth*, 62 Va. App. 793, 802 (2014) ("Generally, a judgment in a criminal case may not be attacked collaterally." (quoting *Eagle, Star & Brit. Dominions Inc. Co. v. Heller*, 149 Va. 82, 100 (1927))). Because the 2022 order is at most voidable, and because Cook did not preserve for appeal his challenges to this order, we do not reach the merits of Cook's challenges to the interpretation of Code § 19.2-303.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*