# Staunton

R. C. Allison, et als. v. Flora G. Greear, et als.

September 8, 1948.

Record No. 3381.

Present, All the Justices.

*James W. Harman*, for the appellants.

*Crockett & Gillespie*, for the appellees.

GREGORY, J., delivered the opinion of the court.

W. B. Greear and Flora G. Greear, his wife, who will sometimes be referred to as the grantors, conveyed to R. C. Allison and Nannie Margaret Allison, by three deeds, lots 7, 8, and 9, of a subdivision of a portion of their land.

In each deed was the following restriction: "The parties of the second part, by accepting this deed, convenant for themselves, their heirs and assigns, that the real estate hereby conveyed will not be used by the parties of the second part, their heirs or assigns, for the purpose of conducting thereon a mercantile business, without the written consent of the parties of the first part, or their children, or grandchildren."

Whether the grantors may enforce by injunction the foregoing restriction is the subject matter of the present suit. The chancellor, by decree, enjoined and restrained Allison and his wife and also Cora Beavers, all of whom were shown to have violated the restriction, from conducting a mercantile business on one of the lots conveyed. This decree is sought to be reversed on this appeal.

On or about November 7, 1936, the Greears who were the owners of a tract of some 35 acres situated near Cliffield, in Tazewell county, decided to develop a part of said tract lying north of Highway No. 19, and for that purpose a survey was made and a plat drawn showing the various lots. There were 52 lots in all, and a plat of them was attached to a deed made by the Greears to R. L. Vencil and filed in the clerk's office. After that time many deeds to lots in the subdivision were made, conveying them to various grantees, and in all of them was inserted the same restriction as quoted above. At the time of the institution of this suit the Greears still owned some fourteen to sixteen of the lots. They also owned the residue of the 35 acres of land which is located just west of the lots shown on the plat.

At the time of the subdivision the Greears owned a lot on the north side of the property line of the railway company and to the south of the State highway but which was

not included in the subdivision. They conducted on this lot a mercantile establishment in a building erected thereon. They had conducted this business from 1913 to 1945 with the exception of two years. In 1945 they sold this building and this mercantile business to the Fishers, and since that time the Greears have not had a mercantile business.

Mrs. Cora Beavers was postmistress at Cliffield, and in the building in which the postoffice was situated, on the Allison lot in the subdivision, was also situated the store in which the mercantile business was conducted by the Allisons. Mrs. Beavers had a part in this business.

The only evidence submitted in the case was the depositions of Mr. and Mrs. Greear, in which they state very frankly the purpose of the restriction. Mr. Greear stated the purpose to be: "Well, we were doing a business in the community, and the business was no more than, even at that time, one establishment would be justified, as there was another store in the community and we put those restrictions in the deeds in self-defense, to protect our own business interests. Also, we put them in there to protect our children, in case one or both of them should want to return there for business and make their home. We felt that we were justified in putting those restrictions in the deeds." And Mrs. Greear stated the purpose to be: "For the protection of our own business interests and for the protection of our own children, if either one of them wanted to come back there and establish a mercantile business, to protect their interests, or their children, if they establish a business or the children wanted to continue the business, for their protection."

The defense to the suit, as disclosed by the answers, was that the restriction was not a covenant running with land but only a personal one; that it was not legal and enforceable at the time it was made; that even if legal and enforceable at the time it was made it is not now enforceable by injunction because the conditions have radically changed, Mr. and Mrs. Greear having sold their mercantile business to third parties and are not now engaged in business; and

that in no event should the complainants prevail against Mrs. Cora Beavers because it is not disclosed that she sold any merchandise, and, further, that she disclaimed any interest in the controversy. However, the evidence clearly discloses that she was also engaged in the business.

From the language in the restriction itself read in the light of its purpose as testified to by the Greears, the conclusion is inescapable that, if valid, it is not a covenant running with the land. At most, as we have already stated, it is only a personal restriction which can be released at the will of the grantors, or their children, or their grandchildren, at any time. It being a personal restriction for the sole purpose of restraining competition in their mercantile business, and they having sold their business in 1945, they have no mercantile business to protect. There is no evidence that they intend, in the future, to reestablish such a business, or that their children or their grandchildren (the latter being infants) will ever desire to open or conduct a mercantile business in this neighborhood. Under these circumstances, if the restriction were originally valid, its duration, so far as the grantors are concerned, continued only during the time they were actually engaged in the mercantile business, which terminated in 1945.

In 14 Am. Jur., Covenants, at the end of paragraph 205, it is clearly stated that, "A covenant personal to one is terminated by his death or by his ceasing to have an interest in the property, his use of which is benefited by the restriction."

We do not pass upon the validity of the restriction. Our decision is limited to the proposition that the grantors are not entitled to equitable relief under the facts. The questions that might arise in the future as to the rights of the lot owners, as between themselves, or as between themselves and the grantors in the restriction are not decided.

For these reasons the decree of the circuit court is reversed, the injunction dissolved, and a decree will be here entered in favor of the appellants dismissing the bill of complaint.

*Reversed and final decree.*