Present: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ., and Carrico, S.J.

RANDALL A. EADS

OPINION BY
v.  Record No. 051228      SENIOR JUSTICE HARRY L.CARRICO
June 8, 2006

DAVID CLARK, GUARDIAN OF THE
PERSON AND ESTATE OF ROY DALLAS
JOHNSON, INCOMPETENT, ET AL.

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Henry Vanover, Judge

The dispositive question in this case is whether the trial court erred in refusing to allow Randall A. Eads (Eads), a licensed attorney, to intervene in a suit he filed while counsel for the guardian of an incompetent person.  Finding that the trial court did not err, we will affirm its judgment.

The record shows that on October 26, 1994, David Clark (Clark) was appointed the guardian of the person and estate of his uncle, Roy Dallas Johnson (Roy), an incompetent person who had been hospitalized in state institutions over the course of several years.  Clark employed Eads to file a bill of complaint to sell two parcels of land Roy owned to pay past and future medical bills incurred for his care and treatment.  On January 24, 1995, Eads filed the bill of complaint.

The case lingered on the trial court's docket for several years without disposition.  Then, on May 18, 2000, the Commonwealth of Virginia, Department of Mental Health, Mental

Retardation and Substance Abuse Services (the Department), filed a bill of complaint for the enforcement of two judgment liens the Department held against Roy's land, one for $19,564.00 and the other for $19,748.00. The trial court ordered that the Department's action be consolidated for trial with the action filed by Eads on behalf of Roy.

The matter was referred to a commissioner in chancery to determine, <u>inter</u> <u>alia</u>, the owners of the land described in the bills of complaint and the liens existing on the land. The commissioner reported on July 8, 2002, that Roy was the owner of the land and that it was subject to the two judgment liens held by the Department. The commissioner reported further that he had been asked to rule on the validity of a deed of gift dated June 30, 1994, and recorded August 9, 1995, from Roy to Mary Ruth Johnson, one of his two sisters, conveying one of his two parcels of land. The commissioner also stated he had discovered a second deed of gift that had been signed by Roy on a blank date in 1994 and recorded May 20, 1997, conveying his other parcel of land to Virginia Ellen Johnson, his other sister. Clark did not learn about the existence of the two deeds until after he filed his bill of complaint.[1] The commissioner found that Roy was incompetent when these deeds were signed and,

---

[1] Mary Ruth Johnson is Clark's mother and Virginia Ellen Johnson is his aunt.

therefore, that both were invalid and should be set aside. The two sisters filed exceptions to the commissioner's report, but the exceptions were overruled.

On September 22, 2003, Eads filed an attorney's lien "for attorney fees in the sum of $7,500.00 and costs incurred in the prosecution of this action in the sum of $1,500.00 for professional services rendered herein." Eads asked the clerk of court to "file this lien in the Court file."

Counsel for the Department and counsel for Mary Ruth Johnson and Virginia Ellen Johnson submitted a proposal to Eads that the Department would accept $35,000.00 in settlement of the two judgment liens against Roy's land and that a special commissioner would be appointed to convey the property to Mary Ruth Johnson and Virginia Ellen Johnson for $35,000.00. Eads objected to this private sale, and on August 27, 2004, the trial court appointed Eads and Nicholas B. Compton, Roy's guardian ad litem, as special commissioners to sell Roy's two parcels of land at public auction.

On October 6, 2004, Clark discharged Eads as his counsel because Eads allegedly had misrepresented to the court that he, Clark, objected to the sale of Roy's land to Mary Ruth Johnson and Virginia Ellen Johnson. On October 8, 2004, the court entered an agreed order that "instated" A. Benton Chafin, Jr. (Chafin), as counsel for Clark in the stead of Eads.

The same order set aside and vacated the court's decree of sale entered on August 27, 2004, and the special commissioners appointed by that decree were ordered to cancel the public sale of Roy's land. On December 14, 2004, the court entered an order approving the settlement of the Department's liens and the sale of Roy's land to Mary Ruth Johnson and Virginia Ellen Johnson for $35,000.00, plus $5000.00 for the cost of advertising the cancelled public sale. These amounts were deposited in court, and Chafin was appointed special commissioner to prepare and execute deeds completing the sale and to disburse the proceeds of the sale.

On December 15, 2004, Eads filed a motion to intervene, stating that he had not been paid for his services as Clark's counsel from 1994 through October 8, 2004, and that payment should come from the "res" of Roy's property. On January 3, 2005, Eads filed a motion to suspend the order of December 14, 2004, alleging that the sale of Roy's land for $35,000.00 was substantially less than its fair market value.

Also on January 3, 2005, Lyndon Baines Johnson, nephew of Roy, filed with the court an offer to purchase Roy's property for $125,000.00. Later that day, the court entered an order suspending the order of December 14, 2004, and setting Eads' motion to intervene for hearing.

4

The hearing was held on April 8, 2005, and the court announced its decision from the bench.[2] On May 6, 2005, the court issued an order embodying its oral rulings, denying Eads' motion to intervene, vacating the January 3, 2005 order, and restoring the December 14, 2004 order in full force and effect. The order also appointed a special commissioner to issue the appropriate deeds to Mary Ruth Johnson and Virginia Ellen Johnson. On May 24, 2005, the court entered a final order dismissing the case and removing it from the docket.

Eads cites former Rule 2:15 of the Rules of Court to the effect that "a new party may by leave of court file a pleading to intervene for the purpose of asserting any claim germane to the subject matter of the proceeding."[3] Eads argues that his motion to intervene was germane to the subject matter of the proceeding, i.e., protecting the interest of the incompetent and being paid for the professional services rendered.

Eads says that as former counsel for Clark, he had a duty to object to the "'sweetheart deal'" proposed by counsel for the Department and counsel for Mary Ruth Johnson and Virginia Ellen Johnson. Eads asserts that Clark's action in steering the

---

[2] Roy Dallas Johnson died on April 15, 2005.

[3] Former Rule 2:15 was an equity rule. It was repealed effective January 1, 2006, when present Rule 3:1 became effective, providing that "[t]here shall be one form of civil case, known as a civil action." The provisions of former Rule 2:15 are now contained in present Rule 3:14.

property to favored family members created suspicious circumstances and suggested that Clark and others involved in the proceeding were more interested in their own welfare than the welfare of Roy.

However, at the time Eads' motion to intervene was heard, he was no longer counsel for Clark; he became a mere bystander when he was discharged by Clark and replaced by Chafin. Eads had neither the duty nor the right to interfere in the decision of what was in Roy's best interest. Thus, he is left only with his claim for counsel fees and, in our opinion, that claim is not germane to the subject matter of the proceeding at issue here.

> [A] new party may not intervene and assert a claim in a pending suit unless the claim is 'germane to the subject matter of the suit.' Rule 2:15. In order for a stranger to become a party by intervention, he must 'assert some right involved in the suit.' Lile's Equity Pleading and Practice at 91 (3rd ed. 1952).

Layton v. Seawall Enterprises, Inc., 231 Va. 402, 406, 344 S.E.2d 896, 899 (1986) (emphasis in original).

> Rule 3:19 is a specific Rule enacted by this Court to govern the orderliness of proceedings . . . .[4] [T]he Rule's history includes a strong adherence to limiting

---

[4] Former Rule 3:19 was a law rule with language identical to former Rule 2:15. Former Rule 3:19 was repealed effective January 1, 2006, when Rule 3:1 became effective, providing that "[t]here shall be one form of civil case, known as a civil action." The provisions of former Rule 3:19 are now contained in present Rule 3:14.

> intervention to those parties who are legitimately plaintiffs or defendants because the nature of their claim includes some right that is involved in the litigation.

Hudson v. Jarrett, 269 Va. 24, 34, 606 S.E.2d 827, 832 (2005).

We concluded in Hudson that "[t]he claims of the intervenors here fail to meet these conditions." Id. The same conclusion must be reached with respect to Eads' claim here. The subject matter of this proceeding after Eads was discharged was the validity of the contract entered into by the guardian with new counsel on the one hand and Roy's two sisters on the other. The claim asserted by Eads was not a right involved in that proceeding. See Hudson, 269 Va. at 34, 606 S.E.2d at 832, and Layton, 231 Va. at 406, 344 S.E.2d at 899. Indeed, to the contrary, had he not been discharged, he would have opposed the approval of the contract.

In addition to his assignment of error that the trial court erred with respect to his motion to intervene, Eads assigned five other errors. However, he agreed during oral argument that if we find the trial court did not err in denying intervention, we could not reach the five other assignments of error, so we will not consider them.

For the reasons assigned, we will affirm the judgment of the trial court.

Affirmed.

7