PRESENT:  All the Justices

BEEREN & BARRY INVESTMENTS, LLC, ET AL.

v.    Record No. 072354                    OPINION BY
                                  JUSTICE BARBARA MILANO KEENAN
                                        January 16, 2009
AHC, INC.


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Joanne F. Alper, Judge

     In this appeal, we consider whether a purchase option

contained in a deed of trust is a covenant that runs with the

land.

     In 1999, Julio and Lourdes Bustillos purchased from AHC,

Inc. (AHC), formerly Arlington Housing Corporation, certain

real property (the property) located in the Lomax Homes

subdivision of Arlington County.  AHC, a "non-profit" Virginia

corporation, develops and manages housing units for persons

with low and moderate incomes.  In this capacity, AHC

administers programs that provide opportunities to first-time

homeowners and low-interest financing to qualifying

individuals.  The Bustilloses qualified to purchase a home

owned by AHC and to obtain about $7,500 in low-interest

financing from AHC.

     To secure this debt, the Bustilloses conveyed a second

deed of trust to AHC on the date they purchased the property.

This deed of trust included language that purported to grant

to AHC a 30-year option to repurchase the property (the option).[*]  According to the language of the deed of trust, within that 30-year period, AHC could exercise the option in the event of the Bustilloses' deaths or their election to sell the property to a third party.

The relevant portions of the deed of trust provide:

AHC, Inc., shall have no obligation to cause the release of this Deed of Trust prior to the thirtieth anniversary of the date hereof or, if earlier, the relinquishment of its right to purchase the property from the Grantor, which right is set forth hereinafter as Option to Purchase.

NOTICE:  THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY SECURED.

OPTION TO PURCHASE: . . .

A. In the event of Grantor's death or in the event that Grantor elects to sell the property secured hereby at any time within thirty (30) years from the date of the Trust, AHC, Inc., its successors or assigns shall have the option to purchase the property at the Purchase Price as hereinafter defined. . . .
B. Within 10 days after receipt of a bona fide offer to purchase the property, Grantor shall give AHC, Inc., written notice of such offer and shall furnish AHC, Inc., a copy of the proposed contract, the name, address and certification of family income of the prospective purchaser.  AHC, Inc., shall have sixty (60) days after receipt of such notice to exercise its option or to waive its right to purchase the property. . . .
C. A waiver by AHC, Inc., of its right to purchase with respect to a particular prospective purchaser shall

---

[*] Neither party has argued that the option language actually creates a right of first refusal.  Therefore, we do not consider that issue.

not be construed as a waiver of its right to purchase the property in the event that Grantor does not convey the property to the particular prospective purchaser as provided herein. In the event that the prospective purchaser does purchase the property, AHC, Inc., shall have the right to repurchase the property from the purchaser or his or her successor in title at the Purchase Price and in the manner and with the same time limits for notice as specified herein; provided, however, that such right to purchase shall expire in any event at the end of 30 years from the date of this trust.

In 2003, the Bustilloses refinanced their indebtedness on the property with a loan from Option One Mortgage Corporation (Option One). As part of the Option One loan settlement, the Bustilloses repaid the total amount owed to AHC under the deed of trust. AHC executed a certificate of "partial satisfaction" indicating that the loan had been paid. However, the certificate also stated that the lien on the property created by the deed of trust was not released because the option remained in effect for 30 years.

The Bustilloses later defaulted on the Option One loan, and Option One initiated a foreclosure action. Beeren & Barry Investments, LLC (B&B) entered into a contract to purchase the property after its bid was accepted at a public auction conducted by the trustee in foreclosure, Equity Trustees, LLC (Equity Trustees).

Unable to obtain title insurance for the property, B&B filed a declaratory judgment action in the circuit court against AHC and Equity Trustees seeking to quiet title to the

3

property.  Equity Trustees filed a cross-bill against AHC for declaratory judgment seeking the same relief.

Equity Trustees and B&B also filed cross-motions for summary judgment.  B&B argued that the foreclosure of Option One's mortgage on the property did not activate the option, and that the option is personal to the Bustilloses and does not run with the land.  B&B argued that for both these reasons, the option is unenforceable against a successor in title to the foreclosure trustee.

In response to the motion for summary judgment, AHC contended that when it recorded the option among the Arlington County land records, AHC perfected an enforceable legal interest in the property.  AHC further argued that the option is a restrictive covenant that runs with the land and, as such, the option is enforceable against successors in title to the Bustilloses, including B&B.

The circuit court decided the case by summary judgment. Although the circuit court agreed with B&B that the occurrence of the foreclosure sale did not permit AHC to exercise the option, the circuit court concluded that the option is a restrictive covenant that runs with the land.  The circuit court held that B&B had constructive notice of the option when it acquired the property, and that the option is enforceable against B&B and its successors in the event they "elect" to

4

sell the property. B&B appeals from the circuit court's judgment.

B&B argues that the circuit court erred when it held that the option is a restrictive covenant that runs with the land. B&B asserts that the option is personal in nature because it may only be exercised upon events that are personal to the Bustilloses, namely, their death or their election to sell the property. B&B further contends that the plain language of the option limits its application to such a voluntary sale by the Bustilloses or their death and that, therefore, the foreclosure sale to B&B did not activate the option. B&B maintains that under the language of the option, the right to "repurchase" the property stated in paragraph (C) (the repurchase right) would take effect only if AHC earlier had waived its right to purchase the property (the purchase right) as provided for in paragraph (B) of the option. B&B explains that because the foreclosure sale did not activate the purchase right, the repurchase right contained in the option is unenforceable.

In response, AHC argues that the option is a restrictive covenant that runs with the land, because the clearly expressed intent of the option is to bind the Bustilloses and their successors in title if they elect to sell the property within the 30-year period described in the deed of trust. AHC

5

maintains that, therefore, the option is enforceable against B&B, a successor in title to the Bustilloses, if B&B elects to sell the property, and that the foreclosure sale to B&B did not render the option unenforceable at a later date. We disagree with AHC's arguments.

We review de novo a circuit court's interpretation of covenants, deeds, options, and other related documents. See Perel v. Brannan, 267 Va. 691, 698, 594 S.E.2d 899, 903 (2004); Wilson v. Holyfield, 227 Va. 184, 187-88, 313 S.E.2d 396, 398 (1984). When such documents are unambiguous, we accord those documents their plain meaning. PMA Capital Ins. Co. v. US Airways, Inc., 271 Va. 352, 358, 626 S.E.2d 369, 372 (2006); Virginia Elec. & Power Co. v. Northern Virginia Reg'l Park Auth., 270 Va. 309, 316, 618 S.E.2d 323, 326 (2005); Great Falls Hardware Co. of Reston v. South Lakes Village Center Assocs., L.P., 238 Va. 123, 125, 380 S.E.2d 642, 643 (1989).

A restrictive covenant that runs with the land, also referred to as a real covenant, is enforceable upon proof of four distinct elements. These elements are: (1) an intent evidenced by the original covenanting parties in the document that the burdens and benefits of the covenant will run with the land; (2) privity between the original parties to the covenant, commonly referred to as horizontal privity; (3)

6

privity between the original parties to the covenant and their successors in interest, commonly described as vertical privity; and (4) the covenant must "touch and concern" the land. Sonoma Development, Inc. v. Miller, 258 Va. 163, 167, 515 S.E.2d 577, 579 (1999); Sloan v. Johnson, 254 Va. 271, 276, 491 S.E.2d 725, 728 (1997). The restrictive covenant also must be stated in written form. Sonoma Development, 258 Va. at 167, 515 S.E.2d at 579; Sloan, 254 Va. at 276, 515 S.E.2d at 728.

We first conclude that the option, which is stated in writing, is unambiguous. Therefore, we turn to consider the element of intent, namely, whether the Bustilloses and AHC intended that the benefits and burdens of their covenant run with the land.

The circuit court concluded that the parties evidenced this required intent in the language of the repurchase right. The circuit court held that this language showed that the parties intended to "extend the Option beyond the Bustillos[es] to future purchasers and their successors for up to thirty years from the date of the agreement."

The circuit court's analysis, however, fails to account for the plain language of the option concerning two stated events, one of which must occur before the option may be exercised. The plain language of paragraph (A) of the option

7

provides that the option originally may be exercised only if the Bustilloses either die or "elect" to sell the property within a 30-year period.

As provided by that language, if the Bustilloses both die within the 30-year option period, AHC's purchase right immediately may be exercised upon the surviving spouse's death. Under the facts of the present case, this part of the option is not implicated.

Alternatively, paragraphs (A) and (B) of the option provide that if the Bustilloses "elect" to sell the property within 30 years after their purchase, they must give notice to AHC of any bona fide offer by a "prospective purchaser." AHC may then choose to exercise the purchase right or to waive that right pursuant to paragraph (B) of the option. If AHC waives the purchase right with regard to that particular "prospective purchaser," AHC may nevertheless act on the repurchase right from that purchaser or its successors in title in accordance with the requirements stated paragraph (C) of the option.

This option language, however, makes no provision for the option to take effect in the event that a purchaser acquires the property as a result of a foreclosure sale. Moreover, under the option language, AHC's purchase right in paragraph (A) of the option, and its repurchase right in paragraph (C),

8

both are conditioned on the initial election of the Bustilloses to sell the property and their receipt of a bona fide offer from a "prospective purchaser."  The repurchase right may be exercised by AHC only after it initially has waived the purchase right with respect to such a particular "prospective purchaser" who has made a bona fide offer to the Bustilloses, and AHC later decides to "repurchase the property from [that] purchaser or his or her successor in title."

Based on these provisions of the option, we hold that the Bustilloses and AHC did not intend that the option run with the land, because the option could be exercised only upon events personal to the Bustilloses, their death or their election to sell the property within 30 years followed by the receipt of a bona fide offer from a "prospective purchaser." Thus, the option is merely personal in nature.  See, e.g., Carneal v. Kendig, 196 Va. 605, 611, 85 S.E.2d 235, 238 (1955) (concluding that restriction on use of land for conducting certain business is personal covenant that binds only original parties, as distinguished from covenant running with land); Oliver v. Hewitt, 191 Va. 163, 166-67, 60 S.E.2d 1, 2 (1950) (same); Allison v. Greear, 188 Va. 64, 67, 49 S.E.2d 279, 280 (1948) (same).

We need not consider the remaining elements necessary to enforce a real covenant, because the failure of the covenant

to exhibit the intent to run with the land mandates a conclusion that the covenant is unenforceable against B&B and its successors in title. Therefore, we hold that the circuit court erred in concluding that the option is a covenant that runs with the land. Accordingly, based on our holding, B&B is entitled to declaratory relief pursuant to its complaint.

For these reasons, we will reverse the circuit court's judgment and enter judgment for B&B declaring that the option set forth in this opinion does not run with the land and, therefore, is not binding on B&B or its successors in title.

<u>Reversed and final judgment.</u>