PRESENT:  All the Justices

AUDREL JACK WATSON, JR.

OPINION BY
v.  Record No. 180819                      JUSTICE WILLIAM C. MIMS
May 30, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

In this appeal, we consider whether a felon has standing to move to vacate the sentences of other felons as void ab initio.

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In 2007, Audrel Jack Watson, Jr. was convicted on *Alford* pleas to several offenses, including four counts of using a firearm in the commission of a felony, in violation of Code § 18.2-53.1.  The circuit court sentenced him to a term of three years' imprisonment for each count, to be served consecutively.

Ten years later, Watson filed a motion to vacate as void 30 sentences imposed by the court upon 12 felons for violations of Code § 18.2-53.1, including three of the four sentences imposed upon him.* Twenty-eight of the challenged sentences were for terms of three years' imprisonment, one was for two years' imprisonment, and one was for five years' imprisonment with four years suspended.  He asserted that all of the defendants had, like him, been convicted of multiple violations of the statute.  He also noted that the statute imposed a mandatory minimum term of five years' imprisonment for any second or subsequent offense.  Consequently, he argued, each of the challenged sentences is void ab initio for being shorter than the statutorily-prescribed five-year minimum.

---

* Watson did not join any of the 11 other felons as parties.

The Commonwealth moved to dismiss Watson's motion, arguing among other things that he lacked standing to challenge the other felons' sentences. Watson responded that, under our precedents, a judgment that is void ab initio may be challenged "by all persons, anywhere, at any time, or in any manner." *Singh v. Mooney*, 261 Va. 48, 52 (2001) (internal quotation marks omitted). The court issued a letter opinion in which it ruled that a person must establish standing even when challenging a judgment as void ab initio.

Watson filed motions to reconsider arguing that under our decision in *Virginian-Pilot Media Cos., LLC v. Dow Jones & Co., Inc.*, 280 Va. 464, 470 (2010) (plurality opinion), the doctrine of standing is "not relevant to the inquiry whether an order was entered by a court that lacked jurisdiction of the order's subject matter." The Commonwealth responded by arguing among other things that *Virginian-Pilot Media* was distinguishable because circuit courts have subject-matter jurisdiction under Code § 17.1-513 to try felonies and to impose sentence upon conviction. The court issued a second letter opinion adopting the Commonwealth's argument. It thereafter entered an order denying Watson's motion to vacate the 11 other felons' sentences.

We awarded Watson this appeal.

## II. ANALYSIS

Questions of standing are questions of law that we review de novo. *Kelley v. Stamos*, 285 Va. 68, 73 (2013).

Watson asserts that the circuit court erred by ruling that he lacked standing to move to vacate the 11 other felons' sentences. He argues that after this Court's decision in *Virginian-Pilot Media*, standing is not relevant in an attack upon a void judgment. This Court has repeatedly said that a judgment may be challenged collaterally by any one, in any place, at any time, and even by a court sua sponte. *E.g.*, *Singh*, 261 Va. at 52.

The Commonwealth argues that the circuit court correctly ruled that Watson lacks standing to challenge the other felons' sentences. Under *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73 (1998), a judgment may be void ab initio if (1) it was procured by fraud, (2) the court lacked subject-matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure. It contends that the ruling in *Virginian-Pilot Media* that standing was irrelevant was limited only to judgments void ab initio for the second *Evans* reason—i.e., because the court lacked subject-matter jurisdiction. Here, circuit courts do have subject-matter jurisdiction to render judgments imposing sentences upon felony convictions.

Watson replies that a void judgment is void regardless of which of the five *Evans* reasons makes it void, and that *Virginian-Pilot Media* applies to them all. He argues that the reason for the ruling in *Virginian-Pilot Media* that standing is irrelevant in a challenge to a void judgment is that such a judgment is a nullity. Further, even if we determine that he lacks standing, we may still set aside a void judgment sua sponte, as noted in *Virginian-Pilot Media*.

A close reading of *Virginian-Pilot Media* reveals that, for both factual and procedural reasons, it does not apply here. In that case, Dow Jones & Co., Inc., the publisher of the *Wall Street Journal*, filed an ex parte petition ostensibly under Code § 8.01-324 asserting that its periodical met the statute's requirements for publishing legal notices in the City of Virginia Beach and seeking the entry of an order granting it authority to do so. After the circuit court entered such an order, the publisher of the *Virginian-Pilot* moved to intervene and to set it aside for lack of subject-matter jurisdiction. The circuit court heard argument and ruled that it had subject-matter jurisdiction to enter the order and denied the motion to intervene. 280 Va. at 466-67.

3

We awarded the publisher of the *Virginian-Pilot* an appeal, which resulted in an uncharacteristically fragmented decision. Three members of the Court joined a plurality opinion holding that the circuit court lacked subject-matter jurisdiction to enter the order and, using the language Watson relies on here, that they did not need to reach the issue of whether the circuit court erred by denying the motion to intervene because orders entered by a court without subject-matter jurisdiction are nullities, so the question of standing was irrelevant. *Id.* at 469-70 (plurality opinion).

Two members of the Court strongly dissented because they viewed the standing question to be dispositive. In their view the publisher of the *Virginian-Pilot* did not have it. *Id.* at 470-71 (Lemons, J., dissenting). Two other members of the Court concurred in the result because, while the publisher of the *Virginian-Pilot* lacked standing to intervene, Dow Jones & Co. lacked standing to seek the underlying order in the first place and the circuit court lacked subject-matter jurisdiction to enter it. Consequently, the voidness of the order was manifest, and the failure to vacate it would "make this Court accomplice to a lower court's exercise of jurisdiction contrary to the constraints constitutionally placed on the judicial branch by the legislative." *Id.* at 478-79 (Mims, J., concurring).

This review of *Virginian-Pilot Media* highlights three observations. First, no majority of this Court has ever held that standing is irrelevant when a judgment is challenged as void ab initio, regardless of the *Evans* basis for the alleged voidness.

Second, even the plurality opinion in *Virginian-Pilot Media* limited its application to judgments challenged as void for lack of subject-matter jurisdiction. Subject-matter jurisdiction is unique. It "cannot be waived or conferred on the court by agreement of the parties"; a defect in it "cannot be cured by reissuance of process, passage of time, or pleading amendment"; "a

4

court always has jurisdiction to determine whether it has subject matter jurisdiction"; and "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte." *Morrison v. Bestler*, 239 Va. 166, 169–70 (1990). In short, subject-matter jurisdiction is the paramount consideration in assessing whether a court has authority to enter judgment, and a judgment will always be void without it. And because the question of subject-matter jurisdiction is a question of law, *Gray v. Binder*, 294 Va. 268, 275 (2017), it requires no factual development or evidentiary record to consider.

Third, although it was not expressly addressed in any of the opinions in *Virginian-Pilot Media*, that appeal was properly before the Court because the publisher of the *Virginian-Pilot* was aggrieved by the circuit court's denial of its motion to intervene. *See Eads v. Clark*, 272 Va. 192, 195-97 (2006) (affirming in an appeal from the denial of a motion to intervene and ruling that the Court therefore could not reach assignments of error challenging the merits); *Mattaponi Indian Tribe v. Virginia Marine Res. Comm'n*, 45 Va. App. 208, 214 n.3 (2005) (noting that a party denied leave to intervene may appeal on that issue, but not on the merits of the case because it was not made a party); *see also City of Cleveland v. Ohio*, 508 F.3d 827, 837 (6th Cir. 2007) (noting that the general rule is that a party unsuccessfully seeking to intervene may appeal only from the order denying intervention); 7C Charles Alan Wright et al., Federal Practice and Procedure § 1923 (3d ed. 2019) (noting that one who seeks to intervene may appeal from denial). "We did not reach out and pluck th[e] case from thin air." *Virginian-Pilot Media*, 280 Va. at 479 (Mims, J., concurring). Thus, as obliquely referenced in both the plurality and concurring opinions, the Court had the authority to vacate the circuit court's order as void sua sponte. *Id*. at 469-70 (plurality opinion); *id*. at 479 (Mims, J., concurring).

In view of these limitations on the scope of the plurality opinion in *Virginian-Pilot Media*, we will not hold today what four members of the Court declined to hold in that case— i.e., that standing is wholly irrelevant when a judgment is challenged as void ab initio because of a lack of subject-matter jurisdiction. And, because we agree with the Commonwealth that circuit courts have subject-matter jurisdiction to try, convict, and impose sentence for all felonies, *Porter v. Commonwealth*, 276 Va. 203, 229 (2008), we will not expand *Virginian-Pilot Media* to hold what *no* member of the Court articulated in that case—i.e., that standing is irrelevant when a judgment is challenged as void for any of the other four *Evans* bases.

Anticipating the possibility that we would decline to extend the plurality opinion in *Virginian-Pilot Media* to this case, Watson also asks, now that we have taken up his appeal from the circuit court's ruling that he lacked standing, that we avail ourselves of the opportunity to declare the other felons' sentences void sua sponte. We will not. The other felons are unquestionably necessary parties to an action to declare their sentences void, which, if successful, would result in the imposition of new sentences. *See Graves v. Commonwealth*, 294 Va. 196, 208 (2017).

"All persons interested in the subject matter of a suit and to be affected by its results are necessary parties." *Michael E. Siska Revocable Tr. v. Milestone Dev., LLC*, 282 Va. 169, 173 (2011) (internal quotation marks and alteration omitted). The Court may note the failure to join a necessary party sua sponte. *Snavely v. Pickle*, 70 Va. 27, 42 (1877). When faced with the absence of a necessary party, courts have discretion to continue with the existing parties. *Marble Techs., Inc. v. Mallon*, 290 Va. 27, 32 (2015) (citing *Milestone Development*, 282 Va. at 176-81). However, in light of the possible due process concerns that may arise if the 11 other felons' sentences are void and they need to be resentenced, *see United States v. Lundien*, 769 F.2d 981,

987 (4th Cir. 1985) (opining that "due process may also be denied when [even a statutorily invalid] sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them"), we decline to exercise that discretion here. Consequently, we will not even consider in this case whether the other felons' sentences are void.

## III. CONCLUSION

For the reasons set forth above, we conclude that the circuit court correctly ruled that Watson lacked standing to challenge the other felons' sentences. We therefore affirm.

*Affirmed.*