COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Lorish
Argued at Fredericksburg, Virginia


TURNER ASHBY CAMP NO. 1567
  (SONS OF CONFEDERATE VETERANS)

MEMORANDUM OPINION[*] BY
v.        Record No. 0683-22-4        JUDGE JUNIUS P. FULTON, III
MAY 2, 2023

COUNTY OF CLARKE, VIRGINIA


FROM THE CIRCUIT COURT OF CLARKE COUNTY
Alexander R. Iden, Judge

Glen Franklin Koontz (Koontz │ P.C., on briefs), for appellant.

Robert T. Mitchell, Jr. (Matthew L. Kreitzer, Guardian ad litem for
Parties Unknown; Hall, Monahan, Engle, Mahan & Mitchell, on
brief), for appellee.


Turner Ashby Camp No. 1567 (Sons of Confederate Veterans) appeals the circuit court's

denial of its motion to intervene in Clarke County's adverse possession case and denial of its motion

for reconsideration.  Turner Ashby Camp argues that its "claim of ownership" of the real property

involved in the County's case and its "defenses to Clarke County's claims to ownership" were

"germane to" the adverse possession proceedings.  For the following reasons, we affirm the

judgment of the circuit court.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

BACKGROUND[1]

By deed of June 19, 1900, the County's Board of Supervisors conveyed to the Association of the Survivors of the Clarke Cavalry a 25-foot circle of land in the public square of the Town of Berryville. The following month, the Association erected a Confederate memorial statue on that parcel.

In October 2021, Turner Ashby Camp petitioned the circuit court under Code § 13.1-907,[2] asserting that it "engaged in activities substantially similar" to those the Association had conducted, that the Association no longer existed, and asking that its assets be awarded to Turner Ashby Camp. In November 2021, the County filed a complaint for adverse possession of the circular parcel and statue, alleging that the County for over 90 years has "continuously, exclusively, and openly occupied the circular [p]arcel as a part of the County Property" and moved to intervene in Turner Ashby Camp's petition. The County named unknown parties as defendants, alleged that the Association "ceased to exist by 1930" without conveying the parcel and statue, and asked the circuit court to appoint a guardian ad litem to represent the unknown parties.

After the circuit court appointed a guardian ad litem, Turner Ashby Camp moved to intervene in the County's adverse possession case as a defendant. Turner Ashby Camp asserted that the Association was "the owner" of the circular parcel and statue and the County was "proceeding unopposed" in the adverse possession case. Additionally, Turner Ashby Camp stated that in its separate petition action, it "seeks to have ownership of the subject real property" and statue "transferred to it." Turner Ashby Camp contended that its petition under Code § 13.1-907 and the

---

[1] Under familiar appellate principles, we state the facts in the light most favorable to the County, the prevailing party below. *Koons v. Crane*, 72 Va. App. 720, 732 (2021).

[2] Code § 13.1-907 codifies part of the *cy pres* doctrine, which, at common law, "permits a court of equity to administer a charitable trust to conform as closely as possible to the purpose for which the trust was created or, if that purpose cannot be achieved, for some other charitable purpose." *Tauber v. Commonwealth ex rel. Kilgore*, 263 Va. 520, 539 (2002).

County's adverse possession claim sought the same relief and relied upon the same facts, and therefore Turner Ashby Camp's "defenses and claims" were "germane to" the County's adverse possession proceeding. Turner Ashby Camp argued that the County's attempt to intervene in its petition justified its intervention in the County's case. The County and the guardian ad litem opposed intervention.

After a hearing, the circuit court found that "[Turner Ashby] Camp does not assert a right of ownership to the statue or the circular parcel of real estate." Rather, by petitioning under Code § 13.1-907, Turner Ashby Camp "request[ed] that it be chosen, in the [c]ourt's discretion, from among all other similar corporations," to "assume all assets" of the now-defunct Association. Further, the County's case required the circuit court to determine "who has title to the statue or the circular parcel," whereas it did not need to address the title in Turner Ashby Camp's case, in which it would decide only which entity would receive whatever assets of the Association that remained. Therefore, the circuit court held that the County and Turner Ashby Camp were "strangers to the other's suit" and Turner Ashby Camp's claims were not germane to the County's case. Accordingly, the circuit court denied Turner Ashby Camp's motion to intervene.[3]

Turner Ashby Camp moved for reconsideration, abandoning its reliance on any claim of ownership to the circular parcel and statue as a basis for intervening and instead arguing that it had a defense to the County's action that the circuit court had not considered. Turner Ashby Camp asserted that it was "prepared to provide evidence at the trial of this matter that Clarke County is not entitled to assert a claim of adverse possession." After a hearing, the circuit court again found that Turner Ashby Camp did not assert a "right of ownership" to the circular parcel and statue; instead, it requested that the circuit court grant it the Association's assets under Code § 13.1-907. Further, the

_____

[3] By separate order entered the same day, the circuit court denied the County's motion to intervene in Turner Ashby Camp's petition case.

circuit court found that Turner Ashby Camp's argument amounted to an assertion that *if* the circuit court selected it to receive the Association's assets in the petition case, *then* it would be the owner and have a right to defend against the County's adverse possession claim, and that defense would be germane. Therefore, the defense asserted by Turner Ashby Camp was "entirely derivative" of its request to be selected as the recipient of the Association's assets, whatever those assets might be, and that request was not germane to the County's adverse possession claim. Accordingly, the circuit court denied reconsideration of Turner Ashby Camp's motion to intervene.

The case proceeded to trial without Turner Ashby Camp, and a jury found that the County had proven its ownership of the circular parcel and statue by adverse possession. Accordingly, the circuit court ordered that the County had title to the circular parcel and statue. This appeal follows.

ANALYSIS

Turner Ashby Camp argues that because it asserted a "claim of ownership" to the land and statue and "defense" to the County's claim of adverse possession, its claim and defense were "germane to the subject" of the County's case and the circuit court therefore erred by denying the motion to intervene. Turner Ashby Camp emphasizes that the term "germane" means "relevant or pertinent."

We review a circuit court's denial of a motion to intervene for abuse of discretion. *Comm. of Petitioners for Referendum ex rel. Kerry v. City of Norfolk*, 274 Va. 69, 73 (2007). A court necessarily abuses its discretion when it makes an error of law. *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022). A circuit court can abuse its discretion in three other ways: "(1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) by committing a clear error of judgment, even while weighing 'all proper factors.'" *Id.* (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).

- 4 -

Rule 3:14 provides that "[a] new party may by leave of court file a pleading to intervene as a plaintiff or defendant to assert any claim or defense germane to the subject matter of the proceeding." "[F]or a stranger to become a party by intervention, he must '*assert some right involved in the suit.*'" *Eads v. Clark*, 272 Va. 192, 196 (2006) (quoting *Layton v. Seawall Enters., Inc.*, 231 Va. 402, 406 (1986)). The history of Rule 3:14 "includes a strong adherence to limiting intervention to those parties who are legitimately plaintiffs or defendants in litigation because the nature of their claim includes some right that is involved in the litigation." *Hudson v. Jarrett*, 269 Va. 24, 34 (2005).

"To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible, and continuous possession, under a claim of right, for the statutory period of 15 years." *Harkleroad v. Linkous*, 281 Va. 12, 18 (2011) (quoting *Helms v. Manspile*, 277 Va. 1, 7 (2009)). Proof that the claimant used and occupied the property "under a claim of right and adverse to the right of the true owner" satisfies the requirements of actual and hostile possession. *Helms*, 277 Va. at 7 (quoting *Grappo v. Blanks*, 241 Va. 58, 62 (1991)). The claimant's possession is exclusive "when it is not in common with others," visible "when it is so obvious that the true owner may be presumed to know about it," and continuous "only if it exists without interruption for the statutory period." *Id.* at 7-8 (quoting *Grappo*, 241 Va. at 62).

Here, Turner Ashby Camp admitted that it was not the true owner of the circular parcel and statue. Indeed, it asserted that the Association owned the property and statue and that through its petition under Code § 13.1-907, Turner Ashby Camp sought *to become* the owner. Turner Ashby Camp's petition under Code § 13.1-907 was not a claim of right to the circular plot and statue but instead a request that the circuit court, in its discretion, find that Turner Ashby Camp was a suitable entity to receive whatever assets remained of those that had been owned by the Association. Turner Ashby Camp's written statement of facts filed in lieu of a transcript merely

recites the procedural history of the cases below. It contains no recitation of evidence or any proffer of facts made in support of Turner Ashby Camp's claimed ownership interest in the circular parcel or statue pursuant to Code § 13.1-907, such as that Turner Ashby Camp is a "societ[y] or organization[ ] engaged in activities substantially similar to those of the [Association]."[4] The record likewise reflects no facts disputing the County's "actual, hostile, exclusive, visible, and continuous possession" of the property, as would be necessary to make a "germane" defense to the adverse possession claim. *See Justis v. Young*, 202 Va. 631, 632 (1961) ("[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."). Turner Ashby Camp urges this Court to consider "the whole record," including the pleadings before the circuit court, to support its arguments; however, assertions made in pleadings are not evidence and on appeal we consider the facts in the light most favorable to the prevailing party below. *Koons v. Crane*, 72 Va. App. 720, 732 (2021).

Turner Ashby Camp argues that "Clarke County merely possessed a claim 'seeking to have the court grant it ownership rights.' It is no different than Turner Ashby's claim, other than the basis for its claim." In essence, Turner Ashby Camp argues it should have been permitted to intervene in the County's suit because they both made equivalent claims from equal footing. However, Turner Ashby Camp misunderstands the legal status of an adverse possessor. Satisfaction of the elements of adverse possession, for a period of 15 years "operate[s] to extinguish the title of the true owner thereto, and vest[s] a right to the premises absolutely in the occupier." *McClanahan's Adm'r v. Norfolk & W. Ry. Co.*, 122 Va. 705, 715 (1918). As our Supreme Court explained:

---

[4] For example, there is no evidence in the record that Turner Ashby Camp somehow succeeded the Association (or the Stonewall Chapter of the United Daughters of the Confederacy) in taking care of the statue and circular parcel of land.

> The adverse occupant, who has held for the statutory period, does not stand in the position of a grantee from the former true owner; but his occupancy has, by authority of the state, speaking through the statute, extinguished all other titles, and has vested in him an absolute and exclusive right to the possession. His title is not in any sense in privity with that of the former owner, and cannot be questioned, either by such former owner or by any one claiming through him.

*Id.* at 715-16. Rather than asking the court to *grant* ownership of the property at issue, the County, in filing its suit, sought the removal of "the cloud on [its] title to the Circular Parcel and Statue" and a finding by the circuit court that "any unknown person who may have [had] an ownership interest in the [property] ha[s] lost said interest by adverse possession by the County for the prescribed period and that the title to the [property] is perfected in the County." Because the County simply sought to quiet the title to the property it already possessed, Turner Ashby Camp's claim to the property is not equal to the County's; it is inferior.

In order to be germane, Turner Ashby Camp's claim must be both "relevant and appropriate" to the County's claim. *Germane*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/germane (last visited May 1, 2023). Although Turner Ashby Camp's desire to receive the Association's assets is relevant generally speaking, it does not reflect a "significant and demonstrable bearing on the matter at issue," the County's claim of ownership by adverse possession. *Relevant*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/relevant (last visited May 1, 2023). Turner Ashby Camp did not assert a right involved in the County's case. *Eads*, 272 Va. at 196. Therefore, the circuit court did not abuse its discretion by finding that Turner Ashby Camp's request for a discretionary award of the Association's assets was not germane to the County's adverse possession suit, and accordingly denying the motion to intervene.

In its motion for reconsideration, Turner Ashby Camp abandoned any assertion that it possessed a claim that justified intervention and asked the circuit court to allow it to intervene "not

to press any claim to the Confederate Memorial and the real parcel on which it is located, but only for the purpose of defending against Clarke County's adverse possession claim." The County's claim required the fact finder to determine whether the County had proved that under a claim of right, it actually, exclusively, continuously, and for 15 years possessed the circular parcel and property, and its possession had been visible and hostile to the true owner. *Harkleroad*, 281 Va. at 18. Because Turner Ashby Camp, by its own admission,[5] did not claim any current possessory interest in the property, the fact finder's analysis of the County's adverse possession claim would not implicate any potential defense Turner Ashby Camp, or any other stranger to the matter, might offer. *See Classic Floors, Inc. v. Guy*, 9 Va. App. 90, 94 (1989) (finding that a claimant's employment status was not "germane" to the issue of whether the claimant suffered an industrial accident because that status "bore no logical nexus to the analysis required to determine whether an injury by accident had been proved"). Therefore, the circuit court did not abuse its discretion by denying Turner Ashby Camp's motion for reconsideration.[6]

## CONCLUSION

For the foregoing reasons, the circuit court did not abuse its discretion by denying Turner Ashby Camp's motion to intervene and motion to reconsider, and its judgment is therefore affirmed.

*Affirmed.*

---

[5] Turner Ashby Camp conceded at oral argument that its ownership interest in the property was merely hypothetical.

[6] The County moved to dismiss this appeal, arguing that Turner Ashby Camp lacked standing because it had not been a party to the adverse possession case. It is well settled that after a trial court denies a motion to intervene, the would-be intervenor is "regarded, for the purposes of appeal, as possessing the status of one who is a formal party to the proceedings in which his rights and interests are being litigated." *Bonanno v. Quinn*, 299 Va. 722, 732 (2021) (quoting *Jones v. Rhea*, 130 Va. 345, 361-62 (1921)); *see Mattaponi Indian Tribe v. Va. Marine Res. Comm'n*, 45 Va. App. 208, 213 (2005) ("We acknowledge that a final order, even when the product of a settlement, may be upended on appeal by intervenors denied admission into a proceeding in which they had an inviolate statutory or common law right to participate."). Therefore, we deny the County's motion to dismiss the appeal.